(No. 21626.—

J. A. LAMBDIN *et al.* Appellants, *vs.* THE COMMERCE COMMISSION *ex rel.* The Assumption Mutual Telephone Company, Appellee.

*Opinion filed February 23, 1933—Rehearing denied April 15, 1933.*

JOHN MCNUTT, and CARL D. KIGER, (JAMES VAUSE, Jr., of counsel,) for appellants.

LESLIE J. TAYLOR, and JUNE C. SMITH, for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

The circuit court of Christian county confirmed an order of the Illinois Commerce Commission granting leave to the Assumption Mutual Telephone Company, a corpo-

ration, to execute a mortgage on its property securing an issue of $20,000 first mortgage bonds. The cause is here on appeal.

On July 6, 1931, the corporation, by its president and secretary, filed a petition with the Commerce Commission asking consent to the issuance by the corporation of $20,000 par value six per cent first mortgage gold bonds, to bear date July 1, 1931, and to mature July 1, 1951, the same to be secured by a first mortgage on all the property of the corporation. The petition set out facts which, if proved, would show the purposes for which the funds to be derived from the bonds were to be used and the necessity for such use, and averred other facts pertinent to the inquiry by the commission. On July 7 following, an *ex parte* hearing, without notice to stockholders or others, was, on motion of the petitioner, had, and certain evidence was offered in support of the petition. On July 15 following, appellants and others, as stockholders of the corporation, filed a verified petition with the commission questioning the jurisdiction of that body, averring that no notice had been given them of the hearing on July 7 and that they had no knowledge thereof until July 10, and stating that the stockholders of the corporation had not authorized the mortgaging of the property of the corporation, which, they asserted, is required under the laws of this State. This petition asked that the cause be re-opened. The matter was re-opened and the facts set out in appellants' petition were stipulated. On July 28, 1931, the commission entered an order finding that it had jurisdiction of the parties and of the subject matter and authorizing the corporation to mortgage its property in the sum of $20,000 and issue its bonds therefor. A finding of fact was made, which appellants assert is not sufficient to form a basis of jurisdiction in the commission to enter the order. A rehearing was applied for on the ground that the petition did not comply with the provisions of the statute and did not con-

fer jurisdiction on the commission to enter any order and that the order as entered was void. This application for rehearing was denied, and on appeal the circuit court of Christian county confirmed the order.

It is argued here by appellants that the commission did not have jurisdiction to consider the petition of the corporation because the petition was not verified, as required by statute; that the findings of the commission are not sufficient to form a basis of jurisdiction to enter the order granting permission to mortgage the property of the corporation, and that a corporation cannot mortgage all of its property without the consent thereto of two-thirds of its stockholders of record.

The Commerce Commission derives its power only from the statute and has no authority except such as is thereby expressly conferred upon it. (*Public Utilities Com.* v. *Illinois Central Railroad Co.* 274 Ill. 36.) The petition of the corporation in this case was filed under section 27 of the Public Utilities act. (Smith's Stat. 1931, p. 2256.) That section, so far as material here, declares that unless the consent and approval of the commission are first obtained, no public utility may assign, transfer, lease, mortgage, sell or otherwise dispose of or encumber the whole or any part of its franchises, licenses, permits, plant, equipment, business or other property necessary to the performance of its duties to the public. This section also provides: "The proceedings for obtaining the authorization of the commission provided for in this section shall be as follows: There shall be filed with the commission a petition, joint or otherwise as the case may be, signed and verified by the president and secretary of the respective companies or by the person or company, as the case may be, clearly setting forth the object and purposes desired, and setting forth the full and complete terms of the proposed assignment, transfer, lease, mortgage, purchase, sale, merger, consolidation, contract or other transaction, as the case may be."

It is not claimed that the petition filed by the corporation for permission to mortgage its property was verified, as required by the quoted language of the statute. The petition itself discloses that it was not. The first question presented, therefore, is whether the petition was sufficient to give the commission jurisdiction of the subject matter.

Counsel for appellee argue that the statute gives to the Commerce Commission complete jurisdiction over public utilities, and that by that means it had jurisdiction of the subject matter of this petition and therefore verification of the petition was not necessary. The Illinois Commerce Commission is an administrative board, quasi-judicial, only, in its nature. It is authorized to apply numerous details of regulatory police power over utilities. Its existence and authority find justification in a recognized qualification to the maxim that the legislature may not delegate legislative powers. Such a qualification is necessary in order that the legislative power be properly exercised. It is generally recognized, however, that in creating such an administrative agency, the legislature, in order to avoid pure delegation of legislative power, is required to enjoin upon such a commission or board, as its agent, a certain and specific course of procedure and certain rules of decision in the performance of its functions. (*Wichita Railroad and Light Co.* v. *Public Utilities Com.* 260 U. S. 48, 67 L. ed. 124; *Chicago Railways Co.* v. *Commerce Com.* 336 Ill. 51.) Concerning this rule the Supreme Court of the United States said in the *Wichita Railroad and Light Co. case:* "It is a wholesome and necessary principle that such an agency must pursue the procedure and rules enjoined and show substantial compliance therewith to give validity to its action." So it was held in *Chicago Railways Co.* v. *Commerce Com. supra,* that it is necessary, as a condition precedent to the jurisdiction of the commission to issue a certificate of convenience and necessity, that it make a finding of fact, as required by the statute. It is a general rule

that where jurisdiction is conferred by statute, every act necessary to such jurisdiction must affirmatively appear from the record. (*People* v. *Holmes,* 348 Ill. 204; *People* v. *Wells,* 291 id. 584.) While it is said that the statute has given to the Commerce Commission jurisdiction of the whole field of public utilities, that jurisdiction is conferred by the terms of the statute, only. Those terms must be substantially complied with or jurisdiction does not exist. The Commerce Commission has jurisdiction of the subject matter of a petition to mortgage the property of a public utility only when that petition meets the requirements of the statute. A mandate of the statute is that such petition be verified. One not verified is not such a petition as the statute requires, and is not, therefore, sufficient to give to the commission jurisdiction of the subject matter. *McDonald* v. *Rosengarten,* 134 Ill. 126.

Counsel for appellee argue, however, that by appearing and protesting against the issuance of the order sought, appellants have waived the right to raise the question of jurisdiction. By such appearance they did waive the question of jurisdiction of their persons, but, as is generally acknowledged, jurisdiction of the subject matter cannot be conferred by waiver of the parties to the proceeding.

We are of the opinion that the Commerce Commission did not have jurisdiction to entertain the petition filed by the corporation and that its order thereon was for this reason void. A void order does not present to the courts any question on its merits. This being true, no further questions are presented on this record.

The judgment of the circuit court is reversed and the cause remanded to that court to be by it remanded to the commission, with directions to dismiss the petition for want of jurisdiction.

*Reversed and remanded, with directions.*