(Nos. 30746, 30747.—)

THE PEOPLE *ex rel.* Illinois Highway Transportation Company, Appellee, *vs.* JOHN D. BIGGS *et al.* (Illini Coach Company, Appellant.)—THE PEOPLE *ex rel.* Illinois Greyhound Lines, Inc., Appellee, *vs.* JOHN D. BIGGS *et al.* (Illini Coach Company, Appellant.)

*Opinion filed January 19, 1949—Rehearing denied March 15, 1949.*

402

Reno & Wright, of Champaign, and Dunn & Dunn, of Bloomington, for appellant.

C. H. Jenkins, Harold M. Olsen, and A. M. Fitzgerald, all of Springfield, for appellee Illinois Highway Transportation Company; and Reynolds M. Everett, of Galva, and Meyer & Franklin, of Champaign, for appellee Illinois Greyhound Lines, Inc.

Mr. Justice Daily delivered the opinion of the court:

This is an appeal by Illini Coach Company from two judgments entered by the circuit court of Sangamon County on April 12, 1948, granting writs of *mandamus* against

the Illinois Commerce Commission. The judgments are identical as to relief granted and involve the same parties and the same subject matter before the commission, and they have accordingly been consolidated for this opinion. The petitioner for *mandamus* in No. 30746 was Illinois Highway Transportation Company, and in No. 30747 was Illinois Greyhound Lines, Inc., as successor to Black Hawk Motor Transit Company. The prayers were that the commission be required to expunge from its records an order entered by it on February 11, 1948, granting a rehearing in a proceeding in which all parties had been involved, as appears below. The judgments of the trial court were based entirely on the pleadings, no evidence being introduced. The rehearing order in question was entered by the commission on the petition of Illini Coach Company, appellant here, and followed closely after the issuance of this court's mandate in *Black Hawk Motor Transit Co.* v. *Commerce Com.* 398 Ill. 542. The opinion in that case gives a detailed description of the long litigation which has been going on among these companies. It will be here recapitulated briefly, the parties being identified in the same way as in that opinion.

On April 16, 1942, Illini applied to the commission for a certificate of convenience and necessity to operate motor-buses on a route extending from Champaign to Decatur and from Decatur to Bloomington. On the same day, Black Hawk applied for a bus certificate between Decatur and Urbana. Later it amended its petition to ask for a route also between Decatur and Bloomington. On April 22, 1942, Highway applied to the commission for a bus certificate between Decatur and Bloomington. On June 25, 1942, the commission denied Illini's request in toto and denied Black Hawk's as to the route between Decatur and Bloomington. On the next day, June 26, 1942, by two orders, it granted to Black Hawk a certificate between Decatur and Urbana and to Highway a certificate between Decatur and

Bloomington. Its order of June 25, 1942, was mailed to all parties on July 15, 1942. Its two orders of June 26, 1942, were similarly mailed on July 3 and July 8, 1942, respectively.

On July 9, 1942, Illinois Terminal Railroad Company applied to the commission for authority to abandon its railroad passenger service in the same general territory, upon the ground that the bus companies could handle the service satisfactorily. On July 14, 1942, the commission, on its own motion, without request from any party in interest, entered in the several cases involved this order: "At the conference of the Commission case reopened and set for hearing September 8, 1942, at Springfield." Due notice of the entry of this order was given to all parties and when the matter came up in September, all of the cases were consolidated. On September 29, 1942, the commission, after a hearing, denied the petition of the railroad company to abandon its passenger service.

On July 7, 1943, the commission entered an order in the consolidated case stating that it was reopening the case on its own motion. Evidence was thereafter taken in the case, beginning September 21, 1943, and on June 28, 1945, the commission entered an order vacating its orders of June 25 and June 26, 1942, and granting a certificate for the entire route to Illini, at the same time cancelling and rescinding the Black Hawk and Highway certificates which it had theretofore granted. Black Hawk and Highway appealed from this order to two separate circuit courts, and, on affirmance of the order by those courts, the matter was appealed to this court, our decision being reported in the *Black Hawk case,* above referred to. We there held that the commission's order of June 28, 1945, insofar as it rescinded the 1942 orders, was invalid because the commission had not proceeded in accordance with the requirements of the statute. We expressly stated that the result of our holding was to cancel the certificate granted to Illini

by the order of June 28, 1945, and to reinstate the certificates granted to Black Hawk and Highway in 1942. Upon remandment of the case, the commission, in accordance with our decision, on February 27, 1948, set aside its order of June 28, 1945. Illini thereupon filed with the commission a petition for rehearing of the orders entered by the commission on June 25, and June 26, 1942, and the commission, on February 11, 1948, entered an order granting such rehearing. It is this rehearing order that is the subject of the writs of *mandamus* which were issued by the Sangamon County circuit court.

It is the position of appellees, Black Hawk and Highway, that the commission had no jurisdiction to grant the rehearing order of February 11, 1948, because the petition of appellant, Illini, therefor was not filed within the 30-day statutory period, in 1942, after it received notice of the orders of June 25 and June 26, 1942; and appellees further urge that the issues raised in appellant's petition for rehearing were adjudicated by this court in the *Black Hawk case*. Appellant contends (1) that the commission's order of January 27, 1948, was the first final order, after the commission's reopening of the case on July 14, 1942, as to which appellant could, or had any reason to, file a petition for rehearing; (2) that the 30-day period for filing a petition for a rehearing as to the orders of June 25 and June 26, 1942, was held in abeyance by the commission's reopening order of July 14, 1942; and (3) that the statement of this court in the *Black Hawk case* that "nothing contained herein shall be construed as placing a restriction upon the institution of any proper proceeding in accordance with the statute" provided the authority for the filing of a petition for rehearing before the commission. Appellant also claims that the issuance of the writ of *mandamus* violated its constitutional rights; that appellees did not show a clear legal right to such relief; and that the suit for *mandamus* was improperly used to perform the function

of a statutory appeal from the commission's order. The 30-day period referred to is the one specified in section 67 of the Public Utilities Act, (Ill. Rev. Stat. 1941, chap. 111⅔, par. 71,) which provides that any party to a proceeding before the commission may, within 30 days after the service of any order or rule, apply for a rehearing on any matter covered thereby, and which precludes an appeal from such order until a rehearing has been sought and acted upon.

The question whether the reopening order entered by the commission on its own motion on July 14, 1942, relieved or, in effect, prevented the parties to the case from filing petitions for rehearing on the orders of June 25 and June 26, 1942, was not directly before us in *Black Hawk Motor Transit Co.* v. *Commerce Com.* 398 Ill. 542. However, the statutory provisions covering such matters were there referred to, in several instances. On page 558 of the opinion we said that orders granting a certificate became final at the time of entry for the computation of time within which a petition for rehearing shall be filed and, if denied, for purposes of appeal. We also emphasized what we have often had occasion to say, that the commission possesses no inherent powers but only statutory ones. The reopening order of July 14, 1942, we found in the *Black Hawk case,* was entered to enable the commission to deal with the railroad company's petition for leave to abandon passenger service, no other matter being considered by the commission in the case up to September 29, 1942, when the railroad's petition was denied. It was not until September 21, 1943, a year later, that the commission resumed the taking of evidence in the consolidated case which led to the rescission orders of 1945 which were found invalid in the *Black Hawk case.*

If the 30-day period for the filing of a petition for rehearing by the appellant was tolled by something done by the commission, it could only be something done within

that period. The only action which the commission took within that period was the entry of the memorandum reopening order of July 14, 1942. As noted at page 509 of our opinion in the *Black Hawk case,* it was a possibility the commission's consideration of the abandonment proceeding of the railroad, in the reopened case, could lead, by appropriate subsequent steps, to a review by the commission of the whole passenger transportation problem in the territory. It was the privilege of appellant to rely upon that possibility and, in the hope that this would result in a valid rescinding of the orders of June 25 and June 26, 1942, to waive a rehearing, with its opportunity of appeal, as to those orders. But appellant's election to rely upon that procedure had nothing to do with its time for asking for such rehearing. The rehearing step is a part of an orderly plan set up by the legislature for judicial review of the commission's rulings. It contemplates prompt action by a party deeming himself aggrieved, both in filing his petition and in taking his appeal, so that a timely disposition of the matter may be arrived at. The time for such action is fixed by the statute, and neither the commission nor the parties can extend it.

We are unable to follow appellant's argument that the reopening order of July 14, 1942, operated to extend the statutory 30-day period. The orders of June 25 and 26, 1942, were final ones. Only if the orders had been rescinded during the 30-day period could appellant have been relieved of the necessity of filing its petition for rehearing within that period. There were two ways in which they could be rescinded by the commission, *i.e.,* on rehearing, if a petition therefor were filed within 30 days after service of the orders, or by a proceeding in the nature of a hearing on complaint in which the commission could at any time exercise the power granted to it under the first sentence of section 67 of the act. The reopening order of July 14, 1942, was not a rescission of the orders upon rehearing,

for no rehearing had been sought by anyone; neither was it, taken alone, a rescission upon complaint, for, as a bare memorandum entry, it stated no ground of complaint against the orders, and even if it had done so, it could not have been effective as a rescinding order without satisfaction of the further substantial procedural requirements referred to in our opinion in the *Black Hawk case.* The time within which appellant could file a petition for a rehearing of the orders of June 25 and 26, 1942, therefore, expired 30 days after the service of those orders on July 3, 8 and 15, 1942.

The further question is presented, however, as to the propriety of the use of procedure in *mandamus* to raise and dispose of the commission's right to enter the so-called rehearing order of February 11, 1948. A *mandamus* writ may issue where petitioner has a clear right to the relief which he seeks. (*People ex rel. Elmore* v. *Allman,* 382 Ill. 156; *Stott* v. *City of Chicago,* 205 Ill. 281.) *Mandamus* is an appropriate remedy to expunge a void order made by a tribunal without jurisdiction. (*People* v. *Smith,* 275 Ill. 210; *People ex rel. Waber* v. *Wells,* 255 Ill. 450.) It does not, on the other hand, lie to control or review the discretion of an inferior tribunal, where such discretion exists. (*People* v. *Board of Supervisors,* 308 Ill. 543; *People* v. *Sullivan,* 339 Ill. 146.) In a *mandamus* action against administrative officials, a court will not inquire into the merits of the matter so that it may substitute its own judgment for that of the administrative body. (*People ex rel. Miller* v. *City of Chicago,* 234 Ill. 416.) The question is presented whether the commission's order of February 11, 1948, was void as beyond the power of the commission under all circumstances, or was one within its authority to issue, under some conditions and for some purposes, in the exercise of discretion. If it was in the first category, *mandamus* will lie to expunge it; if within the second, it was at most erroneous and cannot be attacked by *mandamus.*

The commission derives its power only from the statute and has only the authority which is there expressly conferred upon it. (*Lambdin* v. *Commerce Com. ex rel. Assumption Mutual Tel. Co.* 352 Ill. 104; *Chicago Railways Co.* v. *Commerce Com. ex rel. Chicago Motor Coach Co.* 336 Ill. 51.) Since the commission is a creature of the legislature, its acts or orders which fall beyond the purview of the statute creating it are not merely erroneous but void. Its acts, on the other hand, are not subject to condemnation for informality only. The substantial question is whether the order of February 11, 1948, disregarding its characterization as a grant of a rehearing as to the orders of June, 1942, can reasonably bear the construction of an action which the commission could have taken to bring before itself some matter on which it had the right to hold a hearing and make a decision.

Manifestly, for the reasons which we have given, it cannot be sustained as an order granting a rehearing. Since, however, its substantial purpose was evidently to initiate a review by the commission of the certificates of convenience and necessity granted by the 1942 orders, it becomes pertinent to examine that part of the statute dealing particularly with such certificates. The provisions on this subject are found in section 55 of the act, (Ill. Rev. Stat. 1941, chap. 111⅔, par. 56,) which, after specifying the conditions under which such certificates may be granted, provides: "Such certificates may be altered or modified by the Commission, upon its own motion or upon application by the person or corporation affected." As we pointed out in the *Black Hawk case,* this language vests the commission with power to alter or modify a certificate of convenience or necessity theretofore granted by it, but does not authorize it to rescind an order granting a certificate, the procedure for that purpose being provided by section 67 of the act. The order of February 11, 1948, falls far short of that which

would be required to institute a rescission proceeding, but it is sufficient to bring before the commission a certificate granted in 1942 for possible alteration or modification under section 55. The mere presence or absence of such words as "rehear" or "reopen" cannot be the criterion as to the legal sufficiency of the order. Since we find that the order falls within the definition of one which the commission could enter under section 55 for the limited purpose stated, it follows that *mandamus* is not available as a remedy. The question of the propriety of any action which may be taken by the commission pursuant to the order is not now before us, as indeed it cannot be.

Appellees press the proposition that our opinion and mandate in the *Black Hawk case* are conclusive as against the power of the commission to enter the order in question. Our holding in that case was that the attempt of the commission, by its order of June 28, 1945, to rescind the June, 1942, orders, was invalid. But the commission's power to re-examine the 1942 orders was not thereby exhausted. Its powers under sections 55 and 67 are continuing ones and it may at any time again examine the subject matter and by appropriate procedure take action with respect to it. Any party aggrieved by a decision of the commission following the order here complained of, will have his remedy by appeal under the provisions of the statute.

The judgments of the circuit court of Sangamon County are reversed, and the causes remanded with directions to quash the writs of *mandamus*.

*Reversed and remanded, with directions.*