(No. 30917.—)

ILLINI COACH COMPANY, INC., Appellant, *vs.* ILLINOIS GREYHOUND LINES, INC., Appellee.

*Opinion filed March 24, 1949.*

DUNN & DUNN, of Bloomington, and RENO & WRIGHT, of Champaign, for appellant.

REYNOLDS M. EVERETT, of Galva, and MEYER & FRANKLIN, of Champaign, (AUGUST C. MEYER, and JOSEPH S. HEDGE, of counsel,) for appellee.

Mr. JUSTICE WILSON delivered the opinion of the court:

This appeal is a sequel to *Black Hawk Motor Transit Co.* v. *Commerce Com.* 398 Ill. 542, and a complement to *People ex rel. Illinois Highway Transportation Co.* v. *Biggs,* 402 Ill. 401, decided January 19, 1949. The history of the litigation instituted in 1942 is recounted in our opinions in the two cases previously decided. No useful purpose will be served by again narrating the proceedings in detail. Reference will be made to only those portions of the proceedings directly relevant to a determination of the issues presented for consideration upon this appeal.

On June 25, 1942, the Illinois Commerce Commission denied the request of Illini Coach Company to operate between Decatur and Champaign, and Decatur and Bloomington, and, on the same day, denied the application of Black Hawk Motor Transit Company to operate between Decatur and Bloomington. The following day, June 26, 1942, the commission entered two orders, one granting to Black Hawk Motor Transit Company a certificate of convenience and necessity to operate its busses between Decatur and Urbana, and the second, granting a certificate to Illinois Highway Transportation Company to operate its busses between Decatur and Bloomington *via* Clinton. Certified copies of the orders of June 26, 1942, were mailed on July 3 and 8, 1942, respectively. The commission's order of June 25, 1942, was mailed to all parties on July 15, 1942.

On July 9, 1942, Illinois Terminal Railroad Company filed a petition with the Commerce Commission seeking authority to abandon the operation of its passenger train service between Peoria and Decatur and between Decatur and Danville *via* Urbana and Champaign, alleging that, in the future, the general territory would be adequately served by the motorbus carriers previously named.

Although no petition for rehearing had been filed in any of the cases, the Commerce Commission on July 14, 1942, without written complaint from any party in interest, and acting on its own motion, entered the following order on its docket in the Illini Coach Company case: "At the conference of the Commission case reopened and set for hearing September 8, 1942, at Springfield." Like orders were entered in the Black Hawk Motor Transit Company case and the Illinois Highway Transportation Company case. A docket entry of the commission of July 16, 1942, reads: "All parties of interest notified by letter of hearing set for September 8, 1942." On September 10, 1942, all the cases were consolidated. Evidence was heard and, on September 29, 1942, the commission denied the petition of the Illinois Terminal Railroad Company to abandon its passenger service. On July 7, 1943, the other cases were consolidated and, on the same day, the commission entered an order reopening the consolidated cases on its own motion and set them for hearing on July 20, 1943. Evidence was taken in the consolidated actions, beginning September 21, 1943, and concluding June 7, 1944, when the cases were marked, "Heard and taken." On June 28, 1945, the commission entered an order rescinding its order of June 25, 1942, denying the application of Illini Coach Company for a certificate and, in lieu thereof, entered an order directing the issuance of a certificate to this company to operate its busses between Decatur and Bloomington *via* Clinton, and between Decatur and Urbana *via* Monticello. Similarly, the order of June 26, 1942, granting Black Hawk Motor

Transit Company a certificate to operate between Decatur and Urbana was rescinded. The certificate of Illinois Highway Transportation Company to operate between Decatur and Bloomington was also rescinded. Petitions for rehearing by the Black Hawk Motor Transit Company, Illinois Highway Transportation Company and Illinois Terminal Railroad Company were each denied. The two companies first named appealed to the circuit courts of Champaign County and De Witt County, respectively. The orders of the commission were confirmed, and further appeals were prosecuted to this court.

On November 20, 1947, we held that the order of the commission of June 28, 1945, to the extent it rescinded the orders of June 25 and 26, 1942, was invalid because the commission had not proceeded conformably to the applicable provisions of the Public Utilities Act. In particular, we stated that our conclusion cancelled the certificate of the Illini Coach Company granted by the order of June 28, 1945, and reinstated the certificates of Black Hawk Motor Transit Company and Illinois Highway Transportation Company issued in 1942. The judgments of the circuit courts were reversed and the causes remanded, with directions to the circuit courts of Champaign and De Witt counties, respectively, to, in turn, remand the causes to the commission, with directions to set aside its order of June 28, 1945, in accord with the views expressed in our opinion. *Black Hawk Motor Transit Co.* v. *Commerce Com.* 398 Ill. 542.

Upon remandment, the Illinois Commerce Commission, in obedience to the mandate of this court, on January 27, 1948, set aside its order of June 28, 1945. On the same day, the Illini Coach Company filed petitions for rehearing of the orders entered by the commission on June 25 and 26, 1942. On February 11, 1948, the commission granted the petitions for rehearing. March 24, 1948, the commission denied the petition for rehearing of Illinois Greyhound

Lines, Inc., as successor to Black Hawk Motor Transit Company, to expunge the orders of February 11, 1948. Subsequently, the Illinois Highway Transportation Company filed in the circuit court of Sangamon County its petition for a writ of *mandamus* commanding the Commerce Commission to expunge from its records the order of February 11, 1948, granting a rehearing to Illini Coach Company. Illinois Greyhound Lines also sought a writ of *mandamus* against the Commerce Commission in the circuit court of Sangamon County. On April 12, 1948, the circuit court, in each case, granted a writ of *mandamus* against the Illinois Commerce Commission. Upon appeal, the two causes were consolidated for opinion. We reversed the judgments and remanded the causes, with directions to quash the writs of *mandamus*. *People* v. *Biggs,* 402 Ill. 401.

In the meantime, Illinois Greyhound Lines appealed to the circuit court of Champaign County, seeking a reversal of the orders of the commission of February 11, 1948, granting Illini Coach Company's petitions for rehearing filed on January 27, 1948, and denying the petitions for rehearing to expunge the orders of February 11, 1948. The two appeals were consolidated and, on August 21, 1948, the circuit court reversed the orders of the commission of February 11, 1948, and March 24, 1948, and remanded the causes to the commission, with directions to set aside its orders of February 11 and March 24, 1948.

By this appeal, Illini Coach Company seeks a reversal of the judgment of the circuit court of Champaign County, directing the commission to set aside the orders of February 11, 1948, granting it a rehearing in each case. The contention is advanced that the commission has the power to reopen a case on its own motion, within the statutory period of thirty days allowed a litigant for filing a petition for rehearing and that, upon the "rightful" reopening of a case upon its own motion before the statutory period of

thirty days has expired or has commenced to run, the running of the statutory period is tolled and suspended while the reopened case continues in litigation and until the decision of a court of review becomes effective. Stated somewhat differently, the only question presented by the present appeal, according to the Illini Coach Company, is whether the thirty-day period prescribed by section 67 of the Public Utilities Act (Ill. Rev. Stat. 1947, chap. 111⅔, par. 71,) for filing petitions for rehearing means thirty calendar days or, instead, thirty computable days. The coach company insists the statute refers to thirty computable days rather· than thirty calendar days. , The insuperable difficulty attending the contention made and argued is that this precise issue has already been decided adversely to it. In *Black Hawk Motor Transit Co. v. Commerce Com.* 398 Ill. 542, we said: "The extent of the power of control of public utilities which the act confers on the commission and the general purposes of the act as expressed in the various provisions leaves no room to doubt but what the legislature intended that the Commerce Commission should have a continuing jurisdiction over its rules, regulations, orders and decisions and that while acting within the scope of such power it may, if the facts warrant, rescind a certificate previously issued by it. We cannot attach the 'conclusiveness' to the orders of the commission for which Black Hawk and Highway contend. The orders granting a certificate become final· at time of entry for the computation of time within which petition for rehearing shall be filed, and, if denied, for purposes of appeal, but they never become so conclusive as to prevent the commission from rescinding them if the facts warrant and the power is exercised in accordance with the statute. On the other hand, we cannot agree to the contention that during the thirty-day statutory period allowed for filing petitions for rehearing the commission possesses an inherent power over its orders and decisions which it may exercise independently of

statute. What the commission may do in the scope of the power conferred by statute is not to be confused with an inherent power such as attaches to courts of record. Any action taken by the commission leading to the rescission of an order, decision or certificate, whether taken during the thirty-day statutory period or thereafter, must be exercised in accord with the requirements of section 67."

Any lingering doubt as to whether the Commerce Commission may grant a rehearing after the expiration of thirty days from the entry of the orders of June 25 and 26, 1942, has been dispelled by our decision in *People* v. *Biggs,* 402 Ill. 401. We said, "The orders of June 25 and 26, 1942, were final ones. Only if the orders had been rescinded during the 30-day period could appellant [Illini Coach Company] have been relieved of the necessity of filing its petition for rehearing within that period. There were two ways in which they could be rescinded by the commission, *i.e.,* on rehearing, if a petition therefor were filed within 30 days after service of the orders, or by a proceeding in the nature of a hearing on complaint in which the commission could at any time exercise the power granted to it under the first sentence of section 67 of the act. The reopening order of July 14, 1942, was not a rescission of the orders upon rehearing, for no rehearing had been sought by anyone; neither was it, taken alone, a rescission upon complaint, for, as a bare memorandum entry, it stated no ground of complaint against the orders, and even if it had done so, it could not have been effective as a rescinding order without satisfaction of the further substantial procedural requirements referred to in our opinion in the *Black Hawk case.* The time within which appellant could file a petition for a rehearing of the orders of June 25 and 26, 1942, therefore, expired 30 days after the service of those orders on July 3, 8 and 15, 1942."

*People* v. *Biggs* is decisive of the single contention made, argued and requiring disposition upon the present appeal.

Although the sole contention made by Illini Coach Company in the present appeal was likewise made in *People* v. *Biggs* and disposed of adversely to it, we pointed out that section 55 of the Public Utilities Act (Ill. Rev. Stat. 1947, chap. 111⅔, par. 56,) provides that certificates of convenience and necessity may be altered or modified by the commission, upon its own motion or upon application by the person or corporation affected. "The order of February 11, 1948," we added, "falls far short of that which would be required to institute a rescission proceeding, but it is sufficient to bring before the commission a certificate granted in 1942 for possible alteration or modification under section 55. The mere presence or absence of such words as 'rehear' or 'reopen' cannot be the criterion as to the legal sufficiency of the order. Since we find that the order falls within the definition of one which the commission could enter under section 55 for the limited purpose stated, it follows that *mandamus* is not available as a remedy." In short, the orders of February 11, 1948, may, on their face, come within the purview of section 55 but the controlling question here is whether the orders are, in fact, orders entered conformably to the ameliorative provisions of section 55. The power to alter or modify certificates of convenience and necessity granted by section 55 of the Public Utilities Act is restricted to such alterations and modifications as are of a minor character and which do not affect substantial rights of the persons or corporations holding a certificate, or the rights of any other person or utility. *Black Hawk Motor Transit Co.* v. *Commerce Com.* 398 Ill. 542.

An examination of the two petitions for rehearing, filed on January 27, 1948, more than five years after the entry of the orders of June 25 and 26, 1942, discloses that, in each petition, Illini Coach Company requested an unrestricted rehearing. The orders of February 11, 1948, must be considered in the light of the content and prayers of the

petitions addressed to the commission. By one petition, Illini Coach Company asked a rehearing for the sole purpose of obtaining a certificate of convenience and necessity on the same application where a certificate was refused by the commission on June 25, 1942. The other petition filed by the coach company sought a rehearing for the single purpose of revoking the certificate of convenience and necessity issued to Black Hawk Motor Transit Company on June 26, 1942. In neither instance was the purpose of the petition filed by Illini Coach Company on January 27, 1948, to alter or modify a certificate, or correct a minor mistake, but the purpose was, instead, to have a certificate rescinded in one case and a new certificate issued in the other. The commission granted rehearings, pursuant to the petitions filed by Illini Coach Company. The complete docket entries in the two cases read: "February 11, 1948. At the conference of the Commission, the Commission granted the petition for rehearing filed January 27, 1948, by Illini Coach Company, Inc., in case 30684." and "February 11, 1948. At the conference of the Commission, the Commission granted the petition for rehearing filed January 27, 1948, by Illini Coach Company, Inc., in case 30687." Illini Coach Company does not contend that the orders of February 11, 1948, were entered pursuant to the authority vested in the commission by section 55 of the Public Utilities Act, but, instead, maintains, and has consistently contended, that the challenged orders granted rehearings as sought by it, and were properly granted under section 67 for the reason that the thirty-day period for filing petitions for rehearing with respect to the orders of June 25 and 26, 1942, did not commence to run until the denial of the petition for rehearing in *Black Hawk Motor Transit Co.* v. *Commerce Com.* 398 Ill. 542, on January 15, 1948. The orders of February 11, 1948, were not, in fact, orders entered under section 55. The prayers of the petitions filed by Illini Coach Company asked for revocation of an exist-

ing certificate of convenience and necessity in one case and the issuance of a certificate in the other. Since Illini Coach Company did not apply for rehearings within thirty days after the service of the orders of June 25 and 26, 1942, the orders of February 11, 1948, entered more than five years later, were beyond the power and authority delegated to the Illinois Commerce Commission by the General Assembly.

The judgment of the circuit court of Champaign County is affirmed.

*Judgment affirmed.*