SALON TRUCKING CO., INC., Plaintiff-Appellant, *v.* ILLINOIS COMMERCE COMMISSION, Defendant-Appellee.

First District (5th Division)    No. 79-1210

Opinion filed May 9, 1980.

James R. Madler, of Chicago, for appellant.

William J. Scott, Attorney General, of Chicago (Hercules F. Bolos and Mary C. Ubatuba, Assistant Attorneys General, of counsel), for appellee.

Mr. JUSTICE WILSON delivered the opinion of the court:

Plaintiff, Salon Trucking Co., Inc., appeals a trial court order affirming an Illinois Commerce Commission (hereafter ICC) order revoking a portion of plaintiff's motor carrier certificate. Plaintiff contends that the ICC acted outside the scope of its authority under the Illinois motor carrier of property law (Ill. Rev. Stat. 1973, ch. 95½, par. 18—100 *et seq.*) when it revoked a portion of the motor carrier certificate. We affirm the order of the trial court.

On December 16, 1972, plaintiff and Salon Piggyback Service, Inc. (hereafter Piggyback) filed a joint verified application for transfer of plaintiff's certificate of public convenience and necessity as a common carrier with the Motor Carrier of Property Division of the ICC. The certificate authorized plaintiff to perform a transportation service in intrastate commerce within the State of Illinois limited to:

"Waste material, cinders, ashes, garbage, black dirt, excavating material, advertising material, food products, home appliances, household goods and general commodities within a fifty (50) mile radius of 2700 So. Ashland Avenue, Chicago, Illinois and to transport such property to or from any point outside of such authorized area of operation for a shipper or shippers within such area."

Hearings were conducted on the transfer and on May 15, 1974, the ICC entered an order granting a transfer of plaintiff's certificate to Piggyback. In its order, however, the ICC found that plaintiff had abandoned some of its authority and consequently, it reduced the scope of the certificate transferred such that it only authorized the transportation of:

"General commodities * * * within the terminal area of Chicago, Illinois, as defined by the Illinois Motor Carrier of Property Law, and to transport such property to or from any point in Illinois within a Fifty (50) mile radius of Chicago, Illinois, for a shipper within such authorized area of operation."[1]

---

[1] Subsequent orders entered by the ICC refer to this reduction in scope as limiting transportation authority to:

"General commodities * * * within a ten (10) mile radius of Chicago, Illinois, and to transport such property to or from any point within a fifty (50) mile radius of Chicago, Illinois, for a shipper or shippers within said ten (10) mile radius."

Nevertheless, any difference between this description and the description in the May 15 order is irrelevant to this appeal because plaintiff is contesting the ICC's authority to revoke, not the extent of the revocation.

On August 19, plaintiff and Piggyback filed a joint verified petition to vacate this order because of their failure to consummate the sales transaction which necessitated transfer of the certificate. The ICC granted the petition on November 6, but did not reinstate the abandoned authority when it returned the certificate to plaintiff.

On December 16, 1974, plaintiff filed a petition for a rehearing on the November 6 order and on December 26, the rehearing was granted. Prior to the actual rehearing, the ICC cited plaintiff to show cause why its certificate should not be revoked for failure to comply with section 18—308 of the Illinois motor carrier of property law (Ill. Rev. Stat. 1973, ch. 95½, par. 18—308), which prohibits the abandonment of any authority without ICC approval. Both the petition for a rehearing and the citation were subsequently heard on a joint record. On August 13, 1975, the ICC found that plaintiff was unable to show that the modified certificate represented anything other than its actual scope of operation and consequently, affirmed the November 6, 1974, order. On August 21, 1975, the order was served on plaintiff and on either September 19 or October 14, it filed a petition for a rehearing. The petition was granted and a hearing was held. On March 24, 1976, the ICC affirmed the August 13, 1975, order. Pursuant to section 68 of the Public Utilities Act (Ill. Rev. Stat. 1973, ch. 111 2/3, par. 72), plaintiff then filed a complaint in the trial court on May 3, 1976. On April 3, 1979, the trial court affirmed the order of the ICC. This appeal followed.

Opinion

Before reaching the issue raised by plaintiff in this appeal, we must consider defendant's claim that this appeal should be dismissed because of plaintiff's failure to file a timely petition for rehearing on the August 13, 1975, order.

■■ Section 67 of the Public Utilities Act (Ill. Rev. Stat. 1973, ch. 111 2/3, par. 71) provides that:

> "Within 30 days after the service of any rule or regulation, order or decision of the Commission any party to the action or proceeding may apply for a rehearing in respect to any matter determined in said action or proceeding and specified in the application for rehearing."

Since this 30-day time period is statutory, neither the parties nor the Commission could extend it. (*People ex rel. Illinois Highway Transportation Co. v. Biggs* (1949), 402 Ill. 401, 84 N.E.2d 372.) Thus, in resolving defendant's claim we merely need to determine whether plaintiff filed its petition for rehearing of the August 13 order within 30 days of the date on which service of the order was made.

The record indicates that the order was served on August 21 and the petition for rehearing was filed 54 days later on October 14. This late filing date would seemingly make plaintiff's petition untimely and would justify dismissal of the appeal. Yet, plaintiff has attached to its reply brief in this case a copy of a petition for rehearing which is apparently authentically stamped as being filed with the ICC's Motor Carrier of Property Division on September 19, 1975. This petition is almost word for word the same petition contained in the record. No explanation has been offered us regarding these remarkably similar petitions. Also, despite defendant's claim and record support[2] that plaintiff did not file its petition until October 14, the ICC did conduct a hearing and render a decision on plaintiff's petition. We believe that all of these circumstances would normally warrant some explanation by the parties. However, in light of the lengthy lapse of time and in the interest of judicial economy, we accept the date of filing as September 19, 1975, and therefore, as timely filed.

Plaintiff's sole contention in this case is that the ICC did not have the authority to revoke a portion of its certificate in the manner in which it chose to do so. Plaintiff argues that it is proper to delete authority in a certificate in a transfer proceeding only if the transfer is consummated and remains consummated. It claims that once the order of transfer has been set aside, the deleted authority should be restored and only deleted again for abandonment pursuant to procedures required by section 18—307 of the Illinois motor carrier of property law (Ill. Rev. Stat. 1973, ch. 95½, par. 18—307). We disagree.

A transfer proceeding is conducted pursuant to section 18—309 of the Illinois motor carrier of property law (Ill. Rev. Stat. 1973, ch. 95½, par. 18—309). Section 18—309 provides for the transfer of a certificate after a hearing at which the following facts are to be determined:

"(1) the proposed purchaser or lessee is fit, willing and able, (2) that the proposed seller or lessor has not abandoned, suspended, or discontinued operations, and (3) that the transaction proposed will be consistent with the public interest and the policy declared in this Chapter and that the conditions of this Section have been or will be fulfilled * * *." (Ill. Rev. Stat. 1973, ch. 95½, par. 18—309(c).)

Under this section, transfers may be made by the ICC "upon such terms and conditions as it finds to be just and reasonable." (Ill. Rev. Stat. 1973, ch. 95½, par. 18—309(c).) Plaintiff agrees that this section authorizes the ICC to delete abandoned authority from a certificate to be transferred, but claims that if the transfer is set aside, as was the case here, then

---

[2] In addition to a stamped copy of the petition, the record contained a copy of the order on rehearing which referred to October 14 as the date on which the petition was filed.

proceedings pursuant to section 18—307, which is entitled "Amendment or revocation of authority," provides in pertinent part:

> "Certificates and permits shall be effective from the date specified therein, and shall remain in effect until suspended, canceled or revoked as herein provided. Any such certificate or permit may upon application of the holder thereof, in the discretion of the Commission, be amended, suspended, canceled or revoked, in whole or in part, or may upon complaint, or on the Commission's own initiative, after notice and hearing * * * be suspended, amended, canceled or revoked in whole or in part, for failure to comply with any provision of this Chapter * * *." Ill. Rev. Stat. 1973, ch. 95½, par. 18—307.

■■ If we were to agree with plaintiff's interpretation of section 18—309, we would have to direct the ICC to provide notice and conduct a hearing on the matter pursuant to section 18—307. Yet, such a direction would be absurd. A hearing has already been conducted at the section 18—309 transfer proceeding at which plaintiff was allowed to prove the scope of his operations. There, plaintiff failed to disprove its abandonment of authority. Plaintiff has not argued that a hearing under section 18—307 would be any different than the 18—309 hearing, and we can find no support for such an argument. Absent such support, a direction to conduct another hearing would be an absurdity and as such could not have been within the contemplation of the legislature when it drafted these sections of the Illinois motor carrier of property law. (See *People ex rel. Oak Supply & Furniture Co. v. Department of Revenue* (1976), 62 Ill. 2d 210, 342 N.E.2d 53.) Therefore, we hold that the ICC did not exceed its authority in revoking a portion of plaintiff's certificate.

Affirmed.

LORENZ and MEJDA, JJ., concur.