THE PEOPLE *ex rel.* JAMES E. RYAN, Attorney General, Petitioner-Appellant, v. ILLINOIS COMMERCE COMMISSION *et al.*, Respondents-Appellees.—CITIZENS UTILITY BOARD, Petitioner-Appellant, v. ILLINOIS COMMERCE COMMISSION *et al.*, Respondents-Appellees.—CABLE TELEVISION AND COMMUNICATIONS ASSOCIATION OF ILLINOIS, Petitioner-Appellant, v. *ILLINOIS COMMERCE COMMISSION et al.*, Respondents-Appellees.

Second District   Nos. 2—97—0963, 2—97—0964, 2—97—0965 cons.

Opinion filed August 19, 1998.

James E. Ryan, Attorney General, of Chicago (Janice A. Dale, Eve Moran, and Francis Ostian, Assistant Attorneys General, of counsel), for the People.

Karen L. Lusson, of LaGrange, for petitioner Citizens Utility Board.

Calvin Manshio, of Manshio & Wallace, and Richard J. Prendergast and Michael T. Layden, both of Richard J. Prendergast, Ltd., all of Chicago, for petitioner Cable Television & Communications Association.

John P. Kelliher, Special Assistant Attorney General, and G. Darryl Reed, both of Chicago, for respondent Illinois Commerce Commission.

Edward A. Butts and Paul T. Dahlquist, both of Chicago, for respondent Illinois Bell Telephone Company.

JUSTICE INGLIS delivered the opinion of the court:

In these consolidated appeals, petitioners, People of the State of Illinois *ex rel.* James E. Ryan, Attorney General; Citizens Utility Board; and Cable Television and Communications Association of Illinois (collectively petitioners), appeal the order of the Illinois Commerce Commission (Commission) entered pursuant to this court's order in *Illinois Bell Telephone Co. v. Illinois Commerce Comm'n*, 283 Ill. App. 3d 188 (1996) (hereinafter *Bell*). We dismiss the appeals for lack of jurisdiction.

We reversed and remanded the Commission's order in *Bell* as a result of the Commission's failure to determine whether Illinois Bell Telephone Company's (IBT's) risk or cost of capital was increased as a

result of its relationship with its parent corporation, Ameritech, as required under section 9—230 of the Public Utilities Act (Act) (220 ILCS 5/9—230 (West 1996)). *Bell*, 283 Ill. App. 3d at 210. On remand, the Commission found that section 9—230 had not been violated due to the relationship between IBT and Ameritech and that IBT's capital structure suffered no incremental risk or increased cost of capital due to its affiliation with Ameritech.

The Commission entered and served its order on July 7, 1997. Petitioners mailed their applications for rehearing on August 8, 1997, which was 32 days after service of the Commission's order. The Commission denied the applications for rehearing on August 29, 1997. Petitioners filed their respective notices of appeal on September 25, 1997.

On appeal, the Commission and IBT contend that petitioners' applications for rehearing were untimely because they were not filed within 30 days of the date of service of that order as required under section 10—113 of the Act. 220 ILCS 5/10—113 (West 1996). Their argument is based on the following. Section 10—113 requires the party challenging a Commission order to make an application for rehearing prior to filing an appeal. The time limit for making an application for rehearing is 30 days after service of the Commission's order. 220 ILCS 5/10—113 (West 1996). Under section 10—112 of the Act, mailing constitutes service. 220 ILCS 5/10—112 (West 1996). Further, since the 30-day period is statutory, neither the parties nor the Commission can extend it. *People ex rel. Illinois Highway Transportation Co. v. Biggs*, 402 Ill. 401, 407 (1949). Petitioners mailed their petitions for rehearing 32 days after service of the Commission's order. Therefore, because petitioners' applications for rehearing were untimely, this court is without jurisdiction to entertain their appeals.

Petitioners do not deny that they filed their respective applications for rehearing 32 days after the date of service of the Commission's order. They argue that, because the Commission's order was served by mail, petitioners were entitled to four additional days beyond the 30-day statutory limit to file their application for rehearing pursuant to section 200.150(c) of the Administrative Code (Code). 83 Ill. Adm. Code § 200.150(c) (1998). Petitioners also argue that the conduct of the Commission and IBT revested the Commission with jurisdiction.

■ Petitioners' reliance on section 200.150 is misplaced. Section 200.150 of the Code provides, in relevant part:

"SUBPART B: FORM, FILING AND SERVICE OF PLEADINGS
Section 200.150 Service
(a) Formal complaints will be served by the Commission only.
(b) Petitions, applications, answers, intervening petitions,

supplemental complaints and petitions, amendments to pleadings, written motions, responses, replies, notices, suggested findings of fact and conclusions of law, exceptions to Hearing Examiners' proposed orders, briefs, drafts or suggested forms of order, applications for further hearing, petitions for rehearing, and similar documents shall be filed with the Chief Clerk of the Commission and shall be served by the person filing same upon all parties to the proceeding and upon Staff and the Hearing Examiner, if any, and, when filed, shall be accompanied by proof of service upon all parties. \*\*\*

(c) \*\*\* Except as otherwise provided by the Commission or the Hearing Examiner, whenever Staff or a party has the right or is required to do some act within a prescribed period after the service of a notice or other document upon Staff or the party, and the notice or other document is served upon Staff or the party by mail, four days shall be added to the prescribed period." 83 Ill. Adm. Code §§ 200.150 (a), (b), (c) (1998).

Rules promulgated by an administrative agency are construed under the same standard as statutes. *Granite City Division of National Steel Co. v. Illinois Pollution Control Board*, 155 Ill. 2d 149, 162 (1993). In construing statutes, courts must not be guided by a single sentence or by an isolated provision but should consider each provision in conjunction with every other provision of the statute in light of its purposes. *Miller v. Department of Registration & Education*, 75 Ill. 2d 76, 81 (1979). Under the rule of *expressio unis est exclusio alterius*, when an act lists things to which it refers, the court may infer that any omissions were intended as exclusions. *Bank of Waukegan v. Kischer*, 246 Ill. App. 3d 616, 620 (1993).

Applying these principles, we determine that section 200.150 of the Code does not apply to Commission orders. By its express terms, section 200.150 relates to the service of pleadings and other papers by parties to a Commission action. Subsection (a) provides that only the Commission may serve a formal complaint. Subsection (b) describes a party's obligations for filing all other pleadings with the Commission and service of those pleadings upon other parties. Subsection (c) describes the requirements applicable to parties for service by mail, including that service is effective upon the date of mailing. Subsection (c) provides that where service of a "notice or other document *is served upon Staff or the party*" by mail, four days is added to the time period otherwise provided for response. (Emphasis added.) 83 Ill. Adm. Code § 200.150(c) (1998). There is no reference to Commission orders, service of Commission orders, or the time period for responding to Commission orders.

Other provisions promulgated by the Commission address service

of Commission orders. For service of Commission orders, section 200.860 provides that the Commission shall serve a copy of its order upon all parties in the manner provided by section 10—112 of the Act. 83 Ill. Adm. Code § 200.860 (1996). As stated above, section 10—112 of the Act provides that mailing constitutes service. 220 ILCS 5/10—112 (West 1996). The provision concerning applications for rehearings provides that, following the issuance of an order on the merits by the Commission, a party may file an application for rehearing which, if filed, must be filed within 30 days after service of the order on the party. 83 Ill. Adm. Code § 200.880(a) (1996). This provision tracks section 10—113, which mandates the requirements to perfect an appeal. 220 ILCS 5/10—113 (West 1996).

Moreover, the Commission does not have the power to modify the effective date of service of Commission orders as prescribed in section 10—112 of the Act or the 30-day period for filing an application for rehearing under section 10—113 of the Act. The Commission derives its power from the statute and only has the authority that is expressly conferred upon it. *Biggs*, 402 Ill. at 409. Because the Commission is a creation of the legislature, its acts or orders that fall beyond the purview of the statute creating it are void. *Biggs*, 402 Ill. at 409. Since the 30-day time period for filing a rehearing petition is statutory, neither the Commission nor the parties may extend it. *Salon Trucking Co. v. Illinois Commerce Comm'n*, 84 Ill. App. 3d 604, 606 (1980).

Petitioners' reliance on *Board of Education of Plainfield Community Consolidated School District No. 202 v. Illinois Educational Labor Relations Board*, 143 Ill. App. 3d 898 (1986), is misplaced. In that case, the school district mailed its notice of appeal after the 35-day time limit of section 3—103 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 3—103 (now 735 ILCS 5/3—103 (West 1996))) had expired. *Board of Education*, 143 Ill. App. 3d at 902. Section 3—103 provided that the method of service to review a final administrative decision "shall be as provided in the Act governing the procedure before the administrative agency, but if no method is provided, a decision shall be deemed to have been served *** when deposited in the United States mail." Ill. Rev. Stat. 1983, ch. 110, par. 3—103. The Illinois Educational Labor Relations Board (Labor Relations Board) promulgated section 1100.30, entitled "Computation and Extensions of Time." 80 Ill. Adm. Code § 1100.30 (1984). This rule provided a method for computing *any* period of time that was prescribed by the Act and the Code. The rule further provided that "[w]henever a time period begins running upon the service of notice or other document upon a party, and service is effected by mail, three days shall be added to the prescribed period." 80 Ill. Adm. Code

§ 1100.30(c) (1984). Because section 3—103 gave the Labor Relations Board the power to provide for a method of service and because the time computations under section 1100.30 were general in nature, the court concluded that the three-day time extension applied to notices of appeal, and, therefore, the district's notice of appeal was timely. *Board of Education*, 143 Ill. App. 3d at 904. While we question the court's reasoning and conclusion, even if it were applicable, we find the case to be inapposite. *Board of Education* dealt with statutes and rules different from those in the present case. There, the statute concerned the method of service to review a final administrative decision. The present case involves the statutory requirements for service of a petition for rehearing. Moreover, the Commission has promulgated a detailed scheme to cover the service of Commission orders under section 200.860. While section 200.150 contains language similar to that used by the Labor Relations Board in section 1100.30, section 200.150 clearly is not general in nature, but is limited to service of party papers upon the parties.

■ Next, we find that the revestment doctrine does not apply to the facts of this case. Revesting occurs where, by appearing voluntarily and participating in further proceedings, the parties restore jurisdiction to the court that it had lost as a result of the expiration of 30 days following the entry of an order dismissing an action. *Ridgely v. Central Pipe Line Co.*, 409 Ill. 46, 49-50 (1951). To apply the rule, the parties must actively participate without objection in proceedings that are inconsistent with the merits of the prior judgment. See *Sears v. Sears*, 85 Ill. 2d 253, 260 (1981). Here, there is no basis to support the argument of active participation. Petitioners maintain that the failure to object to a petition for rehearing amounts to active participation. We agree with IBT that such inaction cannot be construed as active participation. Further, revestment requires active participation in further proceedings inconsistent with the maintenance of the original order. See *Sears*, 85 Ill. 2d at 260. Neither IBT's nor the Commission's actions have been inconsistent with the original order.

■ Finally, petitioners contend that the Commission retains jurisdiction until the parties seek appeal and, therefore, petitioners were free to petition the Commission to reconsider its ruling. We fail to see the logic of this argument. Petitioners overlook the jurisdictional requirement of making an application for rehearing in order to perfect an appeal. If the litigant fails to timely file an application for rehearing, the Commission retains jurisdiction. To accept petitioner's argument would eliminate the necessity of filing a petition for rehearing, contrary to the statutory scheme. Because the Act requires that a party must file a petition for rehearing before bringing an appeal, petitioners' argument fails.

We find no jurisdiction over these appeals and therefore dismiss them.

Appeal No. 2—97—0963, dismissed.
Appeal No. 2—97—0964, dismissed.
Appeal No. 2—97—0965, dismissed.

THOMAS and RATHJE, JJ., concur.