*In re* CONSENSUAL OVERHEAR (Northwest Newspapers, Inc., Petitioner-Appellant; The People of the State of Illinois *et al.*, Respondents).

Second District   No. 2—00—0828

Opinion filed June 29, 2001.

Donald M. Craven and Joseph P. Thornton, both of Craven & Thornton, P.C., of Springfield, for appellant.

Gary W. Pack, State's Attorney, of Woodstock (Jeffrey J. Pavletic, Assis-

tant State's Attorney, of counsel), and R. Mark Gummerson, of Campion, Curran, Rausch, Gummerson & Dunlop, P.C., of Crystal Lake, for the People.

JUSTICE BYRNE delivered the opinion of the court:

Petitioner, Northwest Newspapers, Inc., appeals the judgment of the trial court denying its petitions to access sealed court records and to intervene. We affirm.

This matter began as an *ex parte* petition filed by the office of the McHenry County State's Attorney as part of an ongoing criminal investigation. On October 27, 1999, the trial court authorized the State to use an eavesdropping device to gain information regarding the alleged criminal activities of the subject of the overhear. Pursuant to section 108A—7(c) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/108A—7(c) (West 1998)), the judge sealed the application for and order granting judicial supervision of the use of the eavesdropping device.

Subsequently, on March 17, 2000, petitioner filed a petition to access the application for the overhear order, the order itself, any documents indicating the subject was notified by the issuing judge, and any related documents in the court file. In support of its petition, petitioner alleged that the matters surrounding the application for the overhear order created a conflict in the office of the McHenry County State's Attorney raising substantial questions relating to the management of the office.

Respondent, one of the parties to the overhear, filed a motion to strike the petition to disclose and argued that petitioner does not have standing under section 108A—7(c) to bring such a petition. In addition, respondent also filed a motion to close the proceedings to the public. The State also filed a motion to strike the petition to disclose, arguing that petitioner has no standing and, even if petitioner has standing, petitioner failed to show that good cause exists for unsealing the documents.

The trial court granted the motion to close the proceedings to the public until further court order. The court also denied the petition to disclose, finding that the petition to disclose and the response to the motion to strike did not allege sufficient facts or circumstances to show good cause and that petitioner lacks standing to file the petition. However, the court granted petitioner leave to file a petition to intervene.

Petitioner filed a motion to reconsider and a petition to intervene. In the motion to reconsider, petitioner argued that its petition to disclose raised sufficient grounds to state a cause of action for disclosure under section 108A—7(c) of the Code and that petitioner was entitled

to a hearing on its petition. In the petition to intervene, petitioner restated the allegations set forth in its petition to disclose. Petitioner claimed that no party represented petitioner's interest, it would be bound by the orders in the action because the court had denied access to the records, the claim for access is related to the underlying cause because of the request for disclosure pursuant to section 108A—7(c) of the Code, and intervention is a proper means to allow a newspaper to seek access to court documents.

Following the parties' respective responses, the trial court denied the motion to reconsider and the petition to intervene, expressly finding no just reason for delaying enforcement or appeal of the order pursuant to Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)). Petitioner timely appeals.

•1 We note that there are no appellees who have filed response briefs in the present appeal. We may not reverse summarily merely because there are no response briefs filed on appeal. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976). However, the record is simple and the claimed errors are such that we can easily decide the appeal without the aid of an appellee's brief.

Petitioner raises several arguments on appeal. Petitioner contends that the trial court erred in closing the proceedings to the public, in failing to give petitioner the opportunity to be heard, and in denying the petition to intervene. We believe that the resolution of these issues rests upon the determination of whether petitioner has standing under section 108A—7 of the Code to bring a petition for disclosure. Because the outcome involves statutory construction, our review is *de novo*. *People v. Adams*, 318 Ill. App. 3d 539, 543 (2001).

•2 Sections 108A—7 and 108A—8 of the Code govern applications, orders, and records surrounding the use of eavesdropping devices. Section 108A—7(c) provides in relevant part:

"(c) Applications made and orders granted under this Article shall be sealed by the judge. \*\*\* Such applications and orders shall be disclosed only upon a showing of good cause before a judge." 725 ILCS 5/108A—7(c) (West 1998).

Section 108A—8 provides in relevant part:

"(a) Within a reasonable time \*\*\* the issuing or denying judge shall cause to be served on the persons named in the order or application and such other persons in the recorded conversation as the judge may determine that justice requires be notified, a notice of the transaction involving any requested or completed use of an eavesdropping device \*\*\*.

(b) Upon the filing of a motion, the judge may in his discretion

make available to such person or his attorney for inspection such portions of the recorded conversations or the applications and orders as the judge determines it would be in the interest of justice to make available.

(c) The contents of any recorded conversation or evidence derived therefrom shall not be received in evidence or otherwise disclosed in any trial, hearing, or other judicial or administrative proceeding unless each party *** before such a proceeding has been furnished with a copy of the court order and accompanying application under which the recording was authorized or approved ***." 725 ILCS 5/108A—8 (West 1998).

Petitioner points out that, under section 108A—8, applications, orders, and recordings may be disclosed to a party subject to an overhear and his or her attorney but section 108A—7 contains no limitation on who can petition the court for access to the applications and orders. Petitioner assumes that this difference demonstrates that it has standing under section 108A—7 to bring a petition for disclosure "upon a showing of good cause" in a hearing "before a judge."

•3 Petitioner's argument focuses solely on section 108A—7, ignoring the other provisions of the Code that apply to overhears. Petitioner disregards that, in construing statutes, courts must not be guided by a single sentence or by an isolated provision but should consider each provision in conjunction with every other provision of the statute in light of its purposes. *People ex rel. Ryan v. Illinois Commerce Comm'n*, 298 Ill. App. 3d 483, 486 (1998). Under the rule of *expressio unis est exclusio alterius*, when an act lists things to which it refers, the court may infer that any omissions were intended as exclusions. *Bank of Waukegan v. Kischer*, 246 Ill. App. 3d 616, 620 (1993).

•4 Applying these principles, we determine that section 108A—7 does not apply to petitioner. A review of all the provisions governing overhears reveals that prosecuting attorneys, law enforcement officers, investigative officers, parties to the overhears, and their attorneys specifically are entitled to apply for, disclose, and use the information generated or derived from the use of overhears. See 725 ILCS 5/108A—2, 108A—3, 108A—8 (West 1998). Section 108A—8 outlines how parties to an overhear may receive access to documents and recordings. Section 108A—8 allows "persons named in the order or application and such other persons in the recorded conversation" or "his attorney" to move for access to "portions of the recorded conversations or the applications and orders." 725 ILCS 5/108A—8(a), (b) (West 1998). Reading sections 108A—7 and 108A—8 together, we conclude that only a party to the application or the recorded conversation or his attorney may file a motion to inspect the applications,

orders, recorded conversation, or evidence derived therefrom and the judge may grant the application to disclose upon a showing of good cause. Nowhere in the provisions does the legislature contemplate access by a nonparty to the overhear. If the legislature intended to give the press or the public access to this information, it specifically would have stated so.

Moreover, our review of the regulatory scheme reveals that it has two purposes. On one hand, the statutory restraint on electronic eavesdropping requires the "strict scrutiny of all purported consents and requests, so that in Illinois citizens may be safeguarded from promiscuous governmental surveillance, civilian snooping or other unreasonable intrusions into their privacy." *People v. Porcelli*, 25 Ill. App. 3d 145, 149 (1974). On the other hand, the comprehensive regulatory scheme governing the sealing of documents and evidence surrounding the use of eavesdropping devices aids the government in the investigation and prosecution of criminal offenses. To allow the public to access such sensitive matters not only would set a dangerous precedent but also would thwart our lawmakers' intent to limit access to one's private affairs and to protect and preserve issues cultivated during the course of criminal investigations.

The legislative intent to prohibit the disclosure of the type of documents that petitioner seeks is supported by the exemptions listed under the Freedom of Information Act (5 ILCS 140/1 *et seq.* (West 1998)). Specifically, sections 7(1)(b) and (1)(c) exempt from public disclosure information that would constitute a clearly unwarranted invasion of personal privacy and records compiled by a public body for administrative enforcement proceedings. 5 ILCS 140/7(1)(b), (1)(c) (West 1998).

Furthermore, the policy considerations underlying the investigatory privilege also bolster the decision to deny access to the documents here. Similar to the restrictions governing overhears, the investigatory privilege, recently recognized in *In re Marriage of Daniels*, 240 Ill. App. 3d 314, 331 (1992), and incorporated under Rule 26(b) of the Federal Rules of Civil Procedure (Fed. R. Civ. P. 26(b)), serves to prevent the harm to law enforcement efforts that may arise from the public disclosure of investigative files. *Black v. Sheraton Corp.*, 564 F.2d 531, 541 (D.C. Cir. 1977). The purpose of the privilege is " 'to prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witnesses and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation.' " *Hernandez v. Longini*, No. 96C6203, slip op. at 9 (U.S. November 13, 1997), quoting *In re Department of Investiga-*

*tion*, 856 F.2d 481, 485 (2d Cir. 1988). In determining whether the privilege applies, the court balances the public benefit of the confidentiality of the law enforcement investigation with the need of a civil litigant to receive such information. *Daniels*, 240 Ill. App. 3d at 331-32. In balancing the benefit of keeping the investigation confidential against the need to disclose to a civil litigant, courts recommend against disclosure in an ongoing criminal investigation. *Cf. Castro v. Brown's Chicken & Pasta, Inc.*, 314 Ill. App. 3d 542, 555 (2000) (in an ongoing investigation, where the perpetrator of the crime may still be at large, it is imperative that the investigation remain confidential); *Dellwood Farms, Inc. v. Cargill, Inc.*, 128 F.3d 1122 (7th Cir. 1997) (investigatory files in an ongoing criminal investigation are privileged and not subject to discovery). Under the circumstances in this case, there is no litigation in which a litigant seeks access to sealed files for discovery purposes. Therefore, the need to keep the documents confidential is far more significant.

Petitioner asserts that there is a common-law and first-amendment presumption of the right of the press and the public to access court records and proceedings. However, petitioner fails to recognize that the presumption is limited to proceedings and documents that historically have been open to the public and where the disclosure of which would serve a significant role in the functioning of the process in question. See, *e.g.*, *In re Associated Press*, 162 F.3d 503, 506 (7th Cir. 1998). The proceeding in which the government seeks the court's permission to implement an eavesdropping device is not the type of proceeding that historically has been open to the public. In fact, the very nature of the proceedings in the present matter guards against disclosure of the type petitioner seeks. We find no constitutional or common-law presumption of a right of access to the documents here.

Petitioner asserts that no party represents its interest. We disagree. It is clear that the legislature intended the State's Attorney or other governmental official to represent the public's interest in matters regarding overhears. See *People v. Valentine*, 50 Ill. App. 3d 447 (1977). It is equally clear that the legislature did not contemplate an adversary proceeding in which petitioner may seek access to such documents.

We conclude that the trial court correctly held that petitioner lacks standing to petition for the disclosure of the application for the overhear order, the order, and any related documents. Because petitioner lacks standing, we need not consider petitioner's remaining contentions.

We note that, in the petition to intervene, petitioner restates the allegations set forth in its petition to disclose. We view the petition to

intervene as merely a second petition to disclose the sealed documents and agree with the trial court's conclusion that the petition to intervene would accomplish nothing more than the petition to disclose, which has already been denied. Accordingly, we conclude that the trial court properly denied the motion to reconsider and the petition to intervene.

The judgment of the circuit court of McHenry County is affirmed.

Affirmed.

GEIGER and CALLUM, JJ., concur.