LIBERTY TRUCKING CO. et al., Petitioners-Appellees, v. ILLINOIS COMMERCE COMMISSION et al., Respondents-Appellants.

Second District    Nos. 79-200, 79-209 cons.

Opinion filed February 27, 1980.

William J. Scott, Attorney General, and Marc J. Blumenthal and Leonard J. Kofkin, both of Axelrod, Goodman, Steiner & Bazelon, all of Chicago (Hercules F. Bolos, George D. Phelus, and Thomas J. Swabowski, Assistant Attorneys General, of counsel), for appellants.

Meyer & Maton, of Chicago, and Roy J. Solfisburg, Jr., of Aurora, for appellees.

Mr. JUSTICE UNVERZAGT delivered the opinion of the court:

The Illinois Commerce Commission and Central Transport, Inc., bring this appeal under Supreme Court Rule 308 (Ill. Rev. Stat. 1977, ch. 110A, par. 308) from an order denying their motions to dismiss an administrative appeal for want of jurisdiction. The central issue is

whether section 67 of the Public Utilities Act (Ill. Rev. Stat. 1977, ch. 111 2/3, par. 71) empowers the Commerce Commission to "reinstate" a litigant's right to appeal after the statutory limits for judicial review have expired. We hold it does not therefore reverse the order of the circuit court of Kane County.

Michigan Express, Inc., and Central Transport, Inc., filed a joint application with the Illinois Commerce Commission in 1975 for permission to transfer to Central Transport a certificate of public convenience and necessity under section 18—309 of the Illinois Vehicle Code (Ill. Rev. Stat. 1977, ch. 95½, par. 18—309). Liberty Trucking Co. and four other motor carriers intervened to oppose the transfer but the application was nevertheless approved in an order entered on August 24, 1977. Liberty filed a timely petition for rehearing (Ill. Rev. Stat. 1977, ch. 111 2/3, par. 71) which the Commission allowed on October 19, 1977. Hearings on the merits of this petition were held in February and April, 1978,[1] yet no final action was taken until October 25, or 371 days after rehearing was granted.

Under section 67 of the Public Utilities Act (Ill. Rev. Stat. 1977, ch. 111 2/3, par. 71) an application for rehearing is considered "denied and finally disposed of" if a final order is not entered on the merits within 150 days after rehearing is allowed. All parties agree that in this case the Commission failed to act within 150 days and that a final and appealable order denying the petition was thus entered and served by operation of law on March 18, 1978. Liberty did not take an appeal from this order within the 30 days provided by statute (Ill. Rev. Stat. 1977, ch. 111 2/3, par. 72) and therefore lost its right to judicial review of the transfer decision.

On August 30, 1978, notice was sent to all parties that deliberations on the rehearing petition would be "reopened" on the Commission's own motion for the express purpose of reinstating the parties' right to appeal, *i.e*, for the purpose of entering a new order from which an appeal could be taken within the time allowed by statute. At a hearing conducted on September 15, the entire record and exhibits from previous hearings were adopted but no new evidence was taken. On October 25, 1978, the Commission entered an "Order on Rehearing" which reaffirmed in every respect its original decision granting the transfer application. Liberty filed a timely appeal from this order in the circuit court of Kane County.

Both the Commission and Central Transport appeared and filed motions to dismiss contending that the October 25 order was invalid and that the circuit court had no jurisdiction to hear the appeal. They argued that the Commerce Commission is barred under section 67 of the Public

---

[1] The matter was marked "Heard & Taken" at the conclusion of hearings on April 4, 1978.

Utilities Act from entering an "order on rehearing" more than 150 days after the rehearing is granted. The circuit court denied the motions to dismiss but certified the issues raised for interlocutory appeal under Supreme Court Rule 308. We allowed the petitions for leave to appeal and consolidated cases Nos. 79-200 and 79-209 for decision.

■■ The Illinois Commerce Commission is an administrative body established by the General Assembly to carry out the provisions of the Public Utilities Act. (Ill. Rev. Stat. 1977, ch. 111 2/3, par. 1 *et seq.*) Because the Commission is a creature of statute, it may only exercise power expressly delegated to it and any action by the Commission in excess of or unsupported by that authority is void. (*Black Hawk Motor Transit Co. v. Illinois Commerce Com.* (1947), 398 Ill. 542, 552; *People ex rel. Illinois Highway Transportation Co. v. Biggs* (1949), 402 Ill. 401, 409.) We must decide on this appeal whether the order entered by the Commission on October 25, 1978, is valid as an order on rehearing and, if not, whether it is sustainable under some other provision of the Public Utilities Act.

The October 25 ruling was issued by the Commission as an "Order on Rehearing" professing to represent a final decision on the petition for rehearing filed by Liberty in August 1977. Section 67 governs procedures on rehearing and provides in relevant part as follows:

> "Within 30 days after the service of any rule or regulation, order or decision of the Commission any party to the action or proceedings may apply for a rehearing in respect to any matter determined in said action or proceeding and specified in the application for rehearing. The Commission shall receive and consider such application and shall grant or deny any such application in whole or in part within 20 days from the date of the receipt thereof by the Commission. In case the application for rehearing is granted in whole or in part the Commission shall proceed as promptly as possible to consider such rehearing as allowed. No appeal shall be allowed from any rule, regulation, order or decision of the Commission unless and until an application for a rehearing thereof shall first have been filed with and finally disposed of by the Commission: provided, however, that in case the Commission shall fail to grant or deny an application for a rehearing in whole or in part within 20 days from the date of the receipt thereof, or shall fail to enter a final order upon rehearing within 150 days after such rehearing is granted, the application for rehearing shall be deemed to have been denied and finally disposed of, and an order to that effect shall be deemed to have been served, for the purpose of an appeal from the rule, regulation, order or decision covered by such application." Ill. Rev. Stat. 1977, ch. 111 2/3, par. 71.

The rehearing procedures outlined in section 67 are part of an orderly plan set up by the legislature for judicial review of Commission rulings. (*People ex rel. Illinois Highway Transportation Co. v. Biggs* (1949), 402 Ill. 401, 409.) To insure a prompt disposition of cases and to provide some degree of finality and regularity in the administrative process, this section establishes a time frame within which both the litigant and the Commission must act in rehearing matters. The litigant must file a petition for rehearing within 30 days after service of the challenged order or decision, the Commission must grant or deny the request within 20 days from the date of its receipt and must then enter a final decision on the merits of the petition within 150 days after rehearing is granted. In cases where the Commission grants an application for rehearing but fails to enter a final order within 150 days, the petition is considered "denied and finally disposed of" by operation of law.

It is clear from the mandatory language of the statute that these provisions operate as a limitation on the Commission's power and that rehearings may only be conducted within this statutory framework. In *Biggs*, for example, the supreme court held that the 30-day period for filing a rehearing petition may not be extended and that the Commission has no authority to allow rehearings on a petition filed after expiration of 30 days. (See *Illini Coach Co. v. Illinois Greyhound Lines, Inc.* (1949), 403 Ill. 21, 27.) Although there are no decisions on point, the need to preserve stability in the regulatory process prompts us to conclude that the Commission is also without authority to enter an order on rehearing after the petition is considered denied by operation of law or more than 150 days after a rehearing has been granted. In this case, the Commission failed to act on Liberty's petition within 150 days and was thereafter without authority to enter an order on rehearing.

Even though the October 25 order is not sustainable as an order on rehearing, Liberty contends that it was properly entered under the authority granted by the first two sentences of section 67. That section provides as follows:

> "Anything in this Act to the contrary notwithstanding, the Commission may at any time, upon notice to the public utility affected, and after opportunity to be heard as provided in the case of complaints, rescind, alter or amend any rule, regulation, order or decision made by it. Any order rescinding, altering or amending a prior rule, regulation, order or decision shall, when served upon the public utility affected, have the same effect as is herein provided for original rules, regulations, order or decisions." Ill. Rev. Stat. 1977, ch. 111 2/3, par. 71.

While we agree with Liberty that this language vests in the Commission continuing jurisdiction to reexamine on its own motion any

prior order or decision (*Black Hawk Transit Co. v. Illinois Commerce Com.* (1947), 398 Ill. 542, 555-57), it allows appeals to be taken only from those orders "rescinding, altering or amending a prior rule, regulation, order or decision * * *." In other words, unless the order entered by the Commission upon reconsideration changes in some respect a prior rule or decision, it is not appealable as an "original" order within the meaning of section 67. This is the only logical interpretation of the statute, since the need to appeal an order entered upon reconsideration exists only if it changes in some measure the initial determination. In this case, the order entered on October 25, 1978, was not appealable inasmuch as it reaffirmed in "every respect" the original decision granting the transfer application.

For the foregoing reasons the order of the circuit court of Kane County is reversed and the cases are remanded with directions to dismiss the appeals for want of jurisdiction.

Reversed and remanded with directions.

SEIDENFELD, P. J., and NASH, J., concur.

