BRANDT TRUCK LINE, INC., *et al.*, Plaintiffs-Appellants, v. THE ILLINOIS COMMERCE COMMISSION *et al.*, Defendants-Appellees.

First District (5th Division)   No. 87—2011

Opinion filed July 15, 1988.

Carl L. Steiner and Paul A. Gajewski, both of Chicago (Axelrod, Goodman, Steiner & Bazelon, of counsel), for appellants.

Neil F. Hartigan, Attorney General, of Springfield (David L. Nixon and Douglas W. Trabaris, Special Assistant Attorneys General, of Chicago, of counsel), for appellee Illinois Commerce Commission.

JUSTICE MURRAY delivered the opinion of the court:

Plaintiffs, Brandt Truck Lines, Inc., Burren Transfer Co., Holland Motor Express, Inc., and Rudolph Express Co., appeal from an order of the circuit court of Cook County affirming two orders[1] of the Illinois Commerce Commission (Commission) (1) granting defendant Campbell Sixty-Six Express, Inc.'s (Campbell's)[2] application to conduct operations as a common carrier by motor vehicle between all points within Illinois and (2) the Commission's order denying their petition to reopen the proceeding and to rescind its order granting Campbell's application. On appeal, plaintiffs contend that the orders of the Commission are against the manifest weight of the evidence, the Commission's orders are an abuse of its discretion, and the Com-

---

[1]Initially, plaintiffs sought review of the Commission's orders granting Campbell's application and denying their motion for rehearing. Subsequently, plaintiffs sought and were granted leave to incorporate the Commission's order denying their motion to reopen the proceedings. The trial court's judgment in favor of the Commission encompassed all three orders, but, on appeal, plaintiffs only seek reversal of the two orders mentioned in the above text.

[2]Campbell intervened as a party in the trial court, but did not file a brief in this appeal.

mission violated plaintiffs' due process rights in issuing a common carrier certificate to Campbell prior to disposition of their petition for rehearing.[3] For the reasons set forth below, we reverse and remand the cause for further proceedings.

The pertinent facts are as follows. On April 23, 1985, Campbell filed an application with the Commission for a certificate to operate as a common carrier transporting general commodities, with exceptions, between all points within Illinois pursuant to section 18—301 of the Illinois Motor Carrier of Property Act (Ill. Rev. Stat. 1983, ch. 95½, par. 18—301).[4] Petitions to intervene were filed by plaintiffs and granted by the Commission. Hearings on Campbell's application were held on August 5, September 12, and November 26, 1985. Evidence was presented on behalf of Campbell's application; six shipper witnesses testified that there was a *need* for Campbell's services (because, for example, current shippers' services were inadequate). Additionally evidence was presented concerning Campbell's *financial fitness* to furnish services under the certificate.[5] On the other hand, plaintiffs argued that there was *no need* for Campbell's services to warrant a grant to Campbell to operate statewide.

On February 20, 1986, the Commission granted Campbell's application. On March 19, 1986, plaintiffs filed a motion for rehearing· of the Commission's order. Before disposition of the motion, and in fact prior to the filing of the motion and without notice to plaintiffs, the Commission, on March 11, issued a certificate to Campbell to operate as a motor carrier. On April 2, the Commission denied plaintiffs' motion for rehearing, affirming its February 20 order granting Camp-

---

[3]We note that plaintiffs' pleading should have been styled as a "motion for rehearing" pursuant to section 18c—2110(1) of the Commercial Transportation Law (Ill. Rev. Stat. 1985, ch. 95½, par. 18c—2110(1)) and we hereafter refer to it under that appellation.

[4]The record in the proceedings was closed prior to January 1, 1986, the date upon which the Commercial Transportation Law (Ill. Rev. Stat. 1985, ch. 95½, par. 18c—1101 *et seq.*) became effective. No substantive changes were made to the provisions applicable to the granting of Campbell's application and the procedural issues in dispute occurred after the effective date of the Commercial Transportation Law. Accordingly, all references are to the Commercial Transportation Law, unless otherwise indicated.

[5]A manager of Campbell's Chicago terminal testified that Campbell's *assets* were $24 million and the Commission's order subsequently stated $24 million as Campbell's *net worth*; plaintiffs claim that a financial statement attached to Campbell's application (which they were unable to locate in the record on appeal) indicated a *net worth* of $12 million, and a first quarter income statement for 1984 to 1985 filed by Campbell was submitted but no specific interpretation of that statement appears in the record and no balance sheet was attached.

bell's application; plaintiffs received notice of the Commission's denial of their motion on April 9 and only then became aware of the fact that the Commission had issued a certificate to Campbell on March 11.

On April 16, plaintiffs filed a petition to reopen[6] the original proceeding pursuant to section 18c—2110(2) of the Commercial Transportation Law (Ill. Rev. Stat. 1985, ch. 95½, par. 18c—2110(2)) and to rescind the Commission order of February 20 granting Campbell's application based upon their claim that on April 11 they became aware of the fact that Campbell "had ceased operations and gone bankrupt" and, therefore, was not financially fit to perform under the certificate. In fact, Campbell filed for bankruptcy on April 14. In response, Campbell stated that notwithstanding its bankruptcy proceeding, the "findings of the Commission order entered in the instant docket were correct and supported by evidence in the record." It further stated that "[a]s a practical matter applicant, through a trustee in bankruptcy, will either have to petition for a suspension of operating authority or for a sale of the authority and temporary authority to operate pending the transfer proceeding. The procedure outlined above is quite common and happens all the time."

While plaintiffs' motion to reopen was pending before the Commission, on May 5 they filed a petition for review in the circuit court of Cook County of the Commission orders granting Campbell's application and denying their motion for rehearing. On May 14, the Commission denied plaintiffs' motion to reopen, stating only that "the Commission in conference on May 14, 1985 DENIED the Motion to Reopen" filed by plaintiffs. On October 10, stay of the circuit court action, upon proper motion, was entered pursuant to section 362(a) of the Bankruptcy Code (11 U.S.C. §362(a) (1979)). On November 25, the bankruptcy court modified the stay order "to allow the Administrative Review Proceeding to continue to a *final adjudication* of the order of the Illinois Commercial Commission granting the Debtor's [Campbell's] application." (Emphasis added.) On December 15, the trial court granted plaintiffs leave to incorporate their motion to reopen as part of the instant record. After a subsequent bench trial, the court entered judgment for the Commission on May 13, 1987, and this appeal followed.

We find resolution of plaintiffs' due process argument dispositive

---

[6]Plaintiffs' pleading should properly be styled as a "motion" to reopen pursuant to the section of the Commercial Transportation Law cited above, and we hereafter refer to it under the title.

of this matter. Plaintiffs first contend that this issue is properly before this court pursuant to sections 18c—2202(1)(e) and (2)(c) of the Commercial Transportation Law (Ill. Rev. Stat. 1985, ch. 95½, pars. 18c—2202(1)(e), (2)(c)), *i.e.*, a reviewing court may consider issues raised asserting denial of a party's constitutional rights and evidence of procedural irregularities which could not, with reasonable diligence, have been offered, either at the administrative hearing or in a motion for reconsideration or rehearing. Defendants assert that because plaintiffs did not raise these issues in their motion for rehearing or their later motion to reopen, they are not properly before this court.

■■ We observe, as argued by plaintiffs, that these issues were not raised in their rehearing motion because at the time they filed it, and in fact *before* they filed it, they were unaware that the Commission had already issued a certificate to Campbell. We further observe that notwithstanding the fact that plaintiffs also did not raise these issues in their motion to reopen, the issues were nonetheless argued in the trial court, although not with the same specificity here, and therefore were properly preserved for review as part of the record before us. See *Cibis v. Hunt* (1964), 48 Ill. App. 2d 487, 199 N.E.2d 246.

Plaintiffs also base their due process argument on their interpretation of section 18c—2110(1) of the Commercial Transportation Law, which provides for the filing of a rehearing motion. That section states, in pertinent part, as follows:

"Any party of record to an administrative proceeding before the Commission *may* file a motion requesting modification or recission of a Commission *** order. *** The motion *must be filed within 30 days* after service of the order, unless the time for filing a motion is extended by the Commission in writing. *** The Commission may grant or deny such motions, in whole or in part. If the Commission grants such a motion a new order shall be issued within 180 days after service of the order granting the motion unless the order granting the motion also disposed of the issues in the proceeding and is therefore a final, appealable order. If the Commission fails to act on any such motion within 45 days after it is filed, or up to 90 days if the period for acting on the motion has been extended by the Commission in writing, the motion shall be deemed to have been denied by operation of law." (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 95½, par. 18c—2110(1).)

Plaintiffs further rely on section 18c—2204 of the Commercial Transportation Law (Ill. Rev. Stat. 1985, ch. 95½, par. 18c—2204), which

empowers a reviewing court to grant relief in accordance with the provisions of the Administrative Review Law (Ill. Rev. Stat. 1985, ch. 110, par. 3—101 *et seq.*). Section 3—101 of that act provides, in pertinent part, as follows:

"In all cases in which a *statute or a rule of the administrative agency* requires or *permits* an application for a rehearing or other method of administrative review to be filed within a *specified time* \*\*\*, and an application for such rehearing or review is made, *no administrative decision of such agency shall be final as to the party applying therefor until such rehearing or review is had or denied.*" (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 110, par. 3—101.)

Pursuant to the above provisions, plaintiffs argue that the Commission denied their right to due process by issuing Campbell's certificate before the time for filing a rehearing motion expired and prior to ruling on the motion because the Commission's order was not final until that time.

On the other hand, the Commission did not respond to plaintiffs' specific argument in its brief but instead asserted as follows:

"Since a Commission Order is deemed effective when entered, even if Intervenors' [plaintiffs'] argument on the date of issuing the operating certificate was considered, clearly this is not in violation of the ICTL [Illinois Commercial Transportation Law]. Intervenors failed to take advantage of the proper remedy of obtaining a stay. See Ill. Rev. Stat. ch. 95½, §18c—2205 (1987). Since the Commission Order was not stayed, the certificate *had* to be issued. If the Commission had acted as the Intervenors wished, it would have violated Illinois law." (Emphasis in original.)

During oral argument, this court asked the Commission for a citation in support of its argument that the Commission's order is deemed "effective" when entered and a certificate pursuant thereto *must* be issued unless a direct action for a stay is filed, notwithstanding a party's right to seek a rehearing of the Commission's order. The Commission responded that section 18c—2205 of the Commercial Transportation Law (Ill. Rev. Stat. 1985, ch. 95½, par. 18c—2205) supported its contentions. However, as we pointed out at that time, section 18c—2205 pertains to the requirements for imposition of a stay *by a reviewing court* of an action pending judicial review, and not to the issue here, *i.e.*, whether proceedings permitted by and filed *with the Commission* pursuant to section 18c—2110(1) stay the issuance of a certificate.

■ We have reviewed the Commercial Transportation Law, which was in effect at the time the Commission entered its order granting Campbell's application, issuing the certificate, and denying plaintiffs' motion for rehearing, and have found no provision therein to support the Commission's argument. Our research has revealed, at the most, that under the former Motor Carrier of Property Act, section 18—307 provided that "[c]ertificates and permits shall be effective from the date specified therein, and, are in effect until suspended, canceled or revoked as herein provided." (Ill. Rev. Stat. 1983, ch. 95½, par. 18—307.) We note, however, that this section pertains merely to the effectiveness of a certificate *after* it has been issued, not to the question of *when* a certificate may be issued. We also note that the Motor Carrier of Property Act had not adopted the Administrative Review Law with respect to judicial review of a Commission order and, instead, provided in section 18—900 (Ill. Rev. Stat. 1983, ch. 95½, par. 18—900) that certain provisions of the Public Utilities Act (Ill. Rev. Stat. 1983, ch. 111⅔, pars. 64 through 72, 73 through 75, 77 through 79, 82, 83) relating to proceedings before the Commission and in the courts were, by reference, adopted and made a part of the Motor Carrier of Property Act. Under section 67 of the Public Utilities Act, any party to a proceeding before the Commission could apply for rehearing in respect to any matter decided by the Commission but an application for rehearing would not operate in any manner to *stay or postpone the enforcement* of the Commission's order unless the Commission directed otherwise. (Ill. Rev. Stat. 1983, ch. 111⅔, par. 71.) Sections 67 and 68 also provided that no appeal from a Commission order could be filed in the circuit court until the rehearing application had been filed with the Commission and either granted or denied (Ill. Rev. Stat. 1983, ch. 111⅔, pars. 71, 72.) In any event, however, the Motor Carrier of Property Act was repealed and neither section 18—307 providing that certificates or permits shall be effective from the date specified therein nor section 18—900 providing that certain sections of the Public Utilities Act relating to proceedings before the Commission or the courts was incorporated into the successor statute—the Commercial Transportation Law. Accordingly, since the legislature did not incorporate the language of these sections in the Commercial Transportation Law and, instead, adopted the Administrative Review Law and added the specific provision for rehearing or reconsideration pursuant to section 18c—2110(1), we find its action evinces an intent that permission to file a motion for rehearing and the filing thereof stays the finality of a Commission's order granting an application for a certificate to operate until either the time for filing expires or until a filed

motion is either granted or denied directly by the Commission or denied by operation of law. Because the Commission's order is not final, it follows that the Commission is without authority to issue a certificate until the order becomes final.

Our conclusion is based upon an interpretation of section 18c—2110(1) of the Commercial Transportation Law in conjunction with section 3—101 of the Administrative Review Law set forth above. We first observe that section 3—101 expressly provides that no administrative agency decision shall be final where an application for rehearing *within a specified time* is permitted and has been filed pursuant to a statute or agency rule, until such rehearing is had or denied. (Ill. Rev. Stat. 1985, ch. 110, par. 3—101; see also *Reiter v. Neilis* (1984), 125 Ill. App. 3d 774, 778, 466 N.E.2d 696; *Oliver v. Civil Service Comm'n* (1967), 80 Ill. App. 2d 329, 333, 224 N.E.2d 671.) Section 18c—2110(1) of the Commercial Transportation Law is such a statute and the Commission's Rule 200.80 is almost identical to the statute. We further observe that even if a Commission rule existed to the contrary, sections 3—101 and 18c—2110(1) of both acts would govern and the Commission's regulation would be invalid. See *Schilling v. Book* (1980), 84 Ill. App. 3d 972, 405 N.E.2d 824 (where a statute and an agency rule conflict, the statute governs and the rule is invalid).

Secondly, neither the Commission's rule (Rule 200.80) nor section 18c—2110(1) of the Commercial Transportation Law contains any provision stating that a motion for rehearing or reconsideration of a Commission's order does not stay the effectiveness of an order entered by it as do the provisions in sections 18c—2107 and 18c—2108 concerning the issuance and effect of emergency and interim orders issued by the Commission in both motor carrier of property authority cases and cases *other than* motor carrier cases where an oral hearing has been requested or granted. (Ill. Rev. Stat. 1985, ch. 95½, pars. 18c—2107(1), (2), 18c—2108(1), (2).) We believe that had the legislature intended that the right to file a motion for rehearing or reconsideration not stay the effectiveness of certificates issued upon application, it would have included language to that effect as it did in sections 18c—2107 and 18c—2108 of the same statute and as it had done in section 67 of the Public Utilities Act (Ill. Rev. Stat. 1983, ch. 111⅔, par. 71), which had been adopted by the former Motor Carrier of Property Act (Ill. Rev. Stat. 1983, ch. 95½, par. 18—100 *et seq.*).

We also note that in order for a party to seek judicial review of an agency decision under the Administrative Review Law, section 18c—2201(1) of the Commercial Transportation Law requires that the party have exhausted its administrative remedies. (Ill. Rev. Stat. 1985, ch.

95½, par. 18c—2201(1).) A party shall be deemed to have exhausted its administrative remedies *only if,* among other things, he has "filed a timely motion for reconsideration or rehearing *which was denied by the Commission or by operation of law,* unless the Commission expressly waived the filing of such a motion." (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 95½, par. 18c—2201(2)(b).) If we were to hold other than that an order of the Commission granting an application for a certificate is stayed until the time for filing a motion for rehearing expires or a filed motion is acted upon by the Commission or denied by operation of law, the foregoing provision of subsection (2)(b) would be meaningless, since an action for judicial review must be filed within 35 days after a final order of the Commission pursuant to subsection (3) of the same section (Ill. Rev. Stat. 1985, ch. 95½, pars. 18c—2201(2)(b), (3)). In other words, based on the Commission's argument that its order granting Campbell's application was immediately effective, and thus final for purposes of mandating that it issue a certificate, we note that if the Commission did not act upon the rehearing motion within 35 days and the rehearing motion did not stay the time within which to seek judicial review, a party would be denied his right to appeal the agency decision under the Administrative Review Law. Similarly, we observe that the Commission is empowered to refrain from acting upon a motion for rehearing for 45 days (or 90 days where the period for acting on the motion has been extended by the Commission), the result of which is denial of the motion by operation of law. The effect of this provision would also deny a party's right to seek timely judicial review under the Administrative Review Law. We cannot believe that it was the intent of the legislature to provide a right to a party under the Administrative Review Law and to contravene it at the same time pursuant to the Commission's interpretation of section 18c—2110(1) of the Commercial Transportation Law, *i.e.,* the statute permitting rehearing does not stay a Commission's order granting a certificate. It is our further opinion that perhaps the Commercial Transportation Law's failure to include a specific provision for seeking a stay *from the Commission* after an order granting an application for a certificate to operate is because, in effect, sections 18c—2110(1) operates as an automatic stay for at least 30 days or upon the filing of a motion for rehearing or reconsideration and disposition thereof by either the Commission or by operation of law.

█ Based on the above, we therefore hold that the Commission's issuance of Campbell's certificate prior to the time within which plaintiffs' right to seek a rehearing expired and prior to disposing of that motion violated plaintiffs' right to due process, and the issuance of

the certificate was therefore invalid. Because of the foregoing disposition, we do not address the issues of whether the Commission's findings were against the manifest weight of the evidence, nor do we reach the issue concerning plaintiffs' motion to reopen; we reverse solely on the denial of plaintiffs' right to due process.

Accordingly, the judgment of the circuit court of Cook County is reversed and the cause remanded directly to the Commission for further proceedings not inconsistent with this opinion.

Reversed and remanded.

SULLIVAN and PINCHAM, JJ., concur.