THE DEPARTMENT OF TRANSPORTATION *ex rel.* THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. ILLINOIS COMMERCE COMMISSION *et al.*, Defendants-Appellees.

First District (1st Division)    No. 1—92—1581

Opinion filed August 29, 1994.

570

Roland W. Burris, Attorney General, of Chicago (Richard A. Redmond and Robert S. Hirschhorn, both of McBride, Baker & Coles, Special Assistant Attorneys General, of counsel), for appellant.

Thomas F. Flanagan and Stuart F. Gassner, both of Chicago, for appellee Chicago & Northwestern Transportation Company, Inc.

Roland W. Burris, Attorney General, of Chicago (Diana G. Collins, Special Assistant Attorney General, of counsel), for appellee Illinois Commerce Commission.

No brief filed for other appellees.

JUSTICE BUCKLEY delivered the opinion of the court:

On September 6, 1991, the Department of Transportation of the State of Illinois (IDOT) filed a complaint for administrative review in the circuit court of Cook County seeking to overturn a decision of the Illinois Commerce Commission (ICC). The trial judge dismissed IDOT's complaint as statutorily time barred. IDOT filed this timely appeal.

The facts relevant to this appeal are as follows: IDOT sought to use its power of eminent domain to acquire a temporary easement over certain property owned by the Chicago & Northwestern Transportation Company, Inc. (CNW). On May 8, 1991, the ICC issued an order in which it refused to approve IDOT's request for the temporary easement. This order was served on the parties on May 16, 1991. On June 12, 1991, IDOT mailed its motion for rehearing to the ICC. The rehearing motion was docketed before the ICC on June 17, 1991. On August 12, 1991, 56 days later, the ICC issued the following order:

"Notice is hereby given that the Commission in conference on August 7, 1991, *DENIED* the Motion for Rehearing." (Emphasis in original.)

Subsequently, on September 6, 1991, IDOT filed its complaint for administrative review in the circuit court.

CNW responded by filing a motion to dismiss for lack of jurisdiction on the ground that IDOT's complaint was untimely. Specifically, CNW asserted that, according to the Illinois Commercial Transportation Law (the Act) (Ill. Rev. Stat. 1991, ch. 95½, par. 18c—1101 et seq. (now 625 ILCS 5/18c—1101 et seq. (West 1992))), the ICC can either issue a ruling on a motion for rehearing within 45 days or extend that period in writing to 90 days. CNW argued that, according to the Act, if the ICC fails to act within 45 days of the filing of a motion for rehearing, then the motion is "deemed to have been denied by operation of law." (Ill. Rev. Stat. 1991, ch. 95½, par. 18c—2110(f) (now 625 ILCS 5/18c—2110(f) (West 1992)).) CNW contended, therefore, that since the ICC did not extend that period in writing, the motion was deemed denied as a matter of law after 45 days and the ICC's order of August 12, 1991, was a "nullity." Consequently, CNW maintained that IDOT's September 6, 1991, filing of its complaint for administrative review was not within the statutorily required 35 days after the denial of its motion for rehearing. Subsequently, the ICC filed its own motion to dismiss and adopted the argument of CNW.

IDOT, on the other hand, argued that the August 12, 1991, order was the statutorily required writing and "that the order indicated

that the ICC had extended the time for consideration to 90 days." Thus, IDOT asserted that the ICC issued a valid order and that, consequently, its complaint for administrative review was filed within 35 days after the denial of its motion for rehearing. The trial judge found that the complaint was untimely filed and granted the motions to dismiss. IDOT then filed this timely appeal.

The sole issue on appeal is whether the trial judge erred in dismissing IDOT's complaint for administrative review on the ground that it was filed in an untimely manner. IDOT filed its motion for rehearing with the ICC on June 17, 1991. If the motion was denied by operation of law 45 days later on August 1, 1991, IDOT had until September 5, 1991, to seek judicial review. Consequently, the ICC and CNW contend that, since IDOT filed its complaint for review on September 6, 1991, it was untimely. If, however, as IDOT maintains, the ICC properly extended the period to 90 days and the motion was denied by order on August 12, 1991, its complaint for administrative review in the circuit court was well within the required 35-day review period.

A court's duty in construing a statute is to ascertain and effectuate the legislature's intent by first looking at the statutory language itself. (*In re Marriage of Logston* (1984), 103 Ill. 2d 266, 277, 469 N.E.2d 167, 171.) If the language is clear, it must be given effect and the court should not look to extrinsic aids for construction. (*Logston*, 103 Ill. 2d at 277, 469 N.E.2d at 171.) " 'There is no rule of construction which authorizes a court to declare that the legislature did not mean what the plain language of the statute imports.' " (*People v. Moore* (1978), 69 Ill. 2d 520, 523, 372 N.E.2d 666, 668, quoting *Franzese v. Trinko* (1977), 66 Ill. 2d 136, 139-40, 361 N.E.2d 585, 587.) Additionally, courts will avoid construing a statute in a manner "which would render any portion of it meaningless or void." (*Harris v. Manor Healthcare Corp.* (1986), 111 Ill. 2d 350, 362-63, 489 N.E.2d 1374, 1379.) Moreover, courts will assume the legislature did not pass a law whose provisions are absurd or senseless. *Harris*, 111 Ill. 2d at 363, 489 N.E.2d at 1379.

■ The Illinois Commercial Transportation Law (the Act) provides that, in order to have standing to seek judicial review of an ICC order, a person must exhaust his administrative remedies. (Ill. Rev. Stat. 1991, ch. 95¹/₂, par. 18c—2201 (now 625 ILCS 5/18c—2201 (West 1992)).) In order to exhaust his administrative remedies, a person must, *inter alia*, file "*a timely motion for reconsideration or rehearing which was denied by the [ICC] or by operation of law.*" (Emphasis added.) (Ill. Rev. Stat. 1991, ch. 95¹/₂, par. 18c—2201(2)(b) (now 625 ILCS 5/18c—2201(2)(b) (West 1992)).) Section 18c—2110 of the Act

sets forth the time period in which the ICC must grant or deny a timely filed motion for rehearing and prescribes at what point a motion is deemed to have been denied by operation of law if the ICC fails to act. Specifically, section 18c—2110(f) of the Act provides as follows:

> "(f) Grant or Denial of Motions. The Commission may grant or deny such motions, in whole or in part. If the Commission grants such a motion a new order shall be issued within 180 days after service of the order granting the motion unless the order granting the motion also disposed of the issues in the proceeding and is therefore a final, appealable order. *If the Commission fails to act on any such motion within 45 days after it is filed, or up to 90 days if the period for acting on the motion has been extended by the Commission in writing, the motion shall be deemed to have been denied by operation of law.*" (Emphasis added.) (Ill. Rev. Stat. 1991, ch. 95¹/₂, par. 18c—2110(f) (now 625 ILCS 5/18c—2210(f) (West 1992)).)

Once a motion for rehearing has been denied, "[a] petition for judicial review must be filed within 35 days after the order of the [ICC] becomes final." (Ill. Rev. Stat. 1991, ch. 95¹/₂, par. 18c—2201(3) (now 625 ILCS 5/18c—2201(3) (West 1992)).) According to section 3—101 of the Administrative Review Law, if an administrative agency rule requires an application for rehearing before judicial review can be sought, then any agency decision becomes final when the rehearing is had or denied. (Ill. Rev. Stat. 1991, ch. 110, par. 3—101 (now 735 ILCS 5/3—101 (West 1992)).) Moreover, appeals from ICC decisions "are purely statutory and must be prosecuted in accordance with the statute." *Chicago Junction Ry. Co. v. Illinois Commerce Comm'n* (1952), 412 Ill. 579, 588, 107 N.E.2d 758, 763.

IDOT concedes that the August 12, 1991, order was not issued within 45 days of when its motion for rehearing was filed with the ICC. IDOT contends, however, that the written order was the "writing" which extended the time period to 90 days. IDOT points out that the Act does not explicitly state that if the ICC wants to extend the initial 45-day consideration period to 90 days, it must issue a writing within the first 45 days, and argues that to conclude that it does is to "redraft" the Act. Therefore, IDOT argues it complied with the statutory requirements and filed its complaint less than 35 days after the ICC ruled on its rehearing request.

Quoting from IDOT's brief, its interpretation of section 18c—2110 of the Act is as follows:

> "If a party seeks rehearing of an ICC decision, the ICC has up to 90 days to rule on that request. To expand from 45 days to the full

90 days, all the [Act] requires is a writing by the ICC indicating that the 'period for acting' has been extended. *** The ICC issued an order on August 12, indicating that it had taken action after the expiration of the first 45-day time period. To issue this order, the ICC must have extended the consideration period, as it was authorized to do. This writing is all that the [Act] requires, and neither the ICC nor CNW should be permitted to engraft additional language onto the statute to evade judicial review of the ICC's decision."

IDOT's argument is unpersuasive.

■ The language in section 18c—2110 of the Act is clear and unambiguous. It is an unavoidable conclusion that a writing which extends the 45-day consideration period must be issued within the first 45 days. Section 18c—2110 plainly states that, if the ICC fails to act on a motion for rehearing within 45 days of its filing, then the motion is deemed denied by operation of law. The ICC can take up to 90 days to rule, however, "if the period for acting is extended by the [ICC] in writing." The Act clearly states that the period must be "*extended *** in writing.*" (Emphasis added.) Thus, in order to extend the period in which to rule to 90 days, the ICC must issue a writing in which it does just that. The Act does not state, as IDOT asserts it does, that the ICC can extend the period simply by acting after the 45-day period has expired and then, at a later date, indicate *in a writing* that it had extended the period to 90 days. To interpret the statutory language in such manner would be to ignore basic rules of sentence structure and would effectively rewrite the Act to read "the ICC has 90 days in which to rule as long as its order is in writing." This is not what the Act says and clearly the legislature did not intend that this provision be interpreted in such a manner.

IDOT cites *Illinois Power Co. v. Pollution Control Board* (1983), 112 Ill. App. 3d 457, 445 N.E.2d 820, and *Agrico Chemical Co. v. Illinois Pollution Control Board* (1973), 13 Ill. App. 3d 45, 299 N.E.2d 803, in support of its assertion that section 18c—2110 of the Act "impos[es] on the ICC a 90-day time limit in which to rule on rehearing requests." In both cases, however, the statute at issue did not provide the administrative agency with the ability to extend the period in which it could issue a ruling and clearly stated that if the Pollution Control Board did not take final action within 90 days then any permit or variance request was deemed granted. In our opinion, these cases merely illustrate that if the legislature intends to provide an administrative agency with 90 days in which to issue a written order, it is capable of doing so in clear and direct language.

The purpose of the 45-day time limit and the requirement that any extension be in writing is to "insure a prompt disposition of cases and to provide some degree of finality and regularity in the administrative process." (See *Liberty Trucking Co. v. Illinois Commerce Comm'n* (1980), 81 Ill. App. 3d 466, 470, 401 N.E.2d 581, 583.) To accept IDOT's argument that the statute allows the ICC to issue a writing after the 45-day period indicating that it had extended the decision period would be to say that the statute allows the ICC to extend the period in which it can rule *without notifying any of the parties.* This result clearly was not the intent of the legislature and, contrary to IDOT's assertions, would create uncertainty as to when the time limit for judicial review would begin to run. IDOT's contention that the Act clearly provides that the ICC's orders become final for purposes of appeal after the 90th day irrespective of whether the ICC acts or extends the time period is an absurd interpretation and has no basis in the statutory language.

Moreover, the Act provides that, if the period is not extended in writing to 90 days, then any motion is deemed denied by operation of law after 45 days and that denial is a final order. (Ill. Rev. Stat. 1991, ch. 95¹/₂, par. 18c—2110(f) (now 625 ILCS 5/18c—2110(f) (West 1992)).) The ICC does not have the authority to enter an order on rehearing after the petition has been denied by operation of law. (*Liberty Trucking*, 81 Ill. App. 3d at 470, 401 N.E.2d at 584.) Moreover, it is only logical that in order to extend the 45-day time period *in writing*, the ICC must do so before that period has already expired; otherwise, there would be no period to extend. (*Omnitrus Merging Corp. v. Illinois Tool Works, Inc.* (1993), 256 Ill. App. 3d 31, 37, 628 N.E.2d 1165, 1170.) Thus, a written extension must be issued within the first 45 days or else the motion will already have been denied by operation of law and there will be no period in existence to extend.

IDOT also contends that the ICC's conduct "smacks of fraud" and that the ICC should be estopped from asserting the limitations period and evading judicial review. IDOT asserts that it relied upon the August 12 order to its detriment and that the ICC's repudiation of the order deprives IDOT of due process by barring it from administrative review.

First, we do not believe that the ICC is estopped from asserting the limitations period. In support of this conclusion, we point to *Pearce Hospital Foundation v. Illinois Public Aid Comm'n* (1958), 15 Ill. 2d 301, 154 N.E.2d 691, and *Oliver v. Civil Service Comm'n* (1967), 80 Ill. App. 2d 329, 224 N.E.2d 671. In *Pearce*, the Commission dropped the plaintiff and his hospital from the rolls of the medical aid program on May 15, 1957. The Commission's rules and regulations

did not provide for rehearings or authorize the Commission to modify or alter its decisions. Nonetheless, plaintiff requested and was granted a hearing to reconsider the Commission's decision on January 9, 1958.

The *Pearce* court held that the plaintiff's petition for judicial review was barred by the provision of the Administrative Review Law which required that review be sought within 35 days of a final order. The court determined that the May 15, 1957, order was a final administrative decision because "it terminated the proceedings before the administrative agency." The *Pearce* court further reasoned:

> "*[T]the action of the commission in entertaining the petitions for [rehearing] subsequent to its final order* \*\*\* *[did not] have the effect of reopening the cause, or of detracting from the finality of its determination.* The commission is a creature of statute and has no greater powers than those conferred upon it by the legislature. Accordingly, it has been consistently held that an administrative agency may allow a rehearing, or modify and alter its decisions, only where authorized to do so by statute. [Citations.] No such power or authority was conferred upon the commission by the statutes which control this case." (Emphasis added.) (*Pearce*, 15 Ill. 2d at 307.)

In *Oliver,* the Civil Service Commission (Commission) ordered plaintiff discharged from his position for conduct unbecoming an employee of the City of Chicago and violation of law. (*Oliver*, 80 Ill. App. 2d at 332.) During the hearing, however, the charges that plaintiff violated the law were stricken. Plaintiff's attorney immediately filed a petition to correct the order and did not file a petition for judicial review until the petition was denied. The Commission rules and regulations, however, did not provide for rehearing or modification of its orders. Therefore, its initial order became final and appealable the day it was issued and the 35-day limitations period for petitions for judicial review began to run as of that date.

The plaintiff in *Oliver* argued on appeal that the Commission was estopped from "interposing the statute of limitations as a defense to this action because the Commission accepted the petition and entertained it until the 35-day period had run." (80 Ill. App. 2d at 335.) He argued that since the Commission induced him to refrain from commencing his action for judicial review, it could not be permitted to assert the limitations period as a defense.

Employing the same reasoning as the court in *Pearce,* the *Oliver* court noted that regulatory agencies are "creatures of statute" and, as such, only have the powers specifically conferred upon them by the legislature. Therefore, regulatory agencies do not have any

"inherent power" and can only modify their decisions if authorized to do so by statute. (80 Ill. App. 2d at 334.) Consequently, since there was no provision in the statute allowing for rehearings, plaintiff had no right to assume that "such a petition would be entertained." 80 Ill. App. 2d at 335.

■ In this case, the Act clearly states that unless the ICC extends the period for decision, the motion for rehearing will be deemed denied by operation of law after 45 days. A denial by operation of law is a final and appealable order (*Brandt Truck Line, Inc. v. Illinois Commerce Comm'n* (1988), 173 Ill. App. 3d 209, 216-17, 527 N.E.2d 464, 468) and thus starts the limitations period for judicial review. (Ill. Rev. Stat. 1991, ch. 95$^1$/$_2$, par. 18c—2110(f) (now 625 ILCS 5/18c—2110(f) (West 1992)).) The ICC's act of issuing an order after the 45-day limitations period had expired did not reopen the cause or detract from the finality of the order. At the point that the motion was denied by operation of law, IDOT should have begun calculating the period in which it was required to file its petition with the circuit court. The order the ICC "sprung" on the parties on August 12 clearly was outside of its authority and IDOT had no right to rely upon its validity.

For many of the same reasons as stated above, we also do not believe IDOT was denied due process. In order to have been denied due process, a valid action of the ICC must have operated to deny IDOT of its right to seek judicial review. (See *Brandt Truck Line*, 173 Ill. App. 3d at 217, 527 N.E.2d at 468-69.) The issue in *Brandt Truck Line* was whether an ICC order issued prior to the expiration of the rehearing period was final for purposes of judicial review. The *Brandt Truck Line* court noted that a party to a proceeding before the ICC must exhaust his administrative remedies in order to preserve his right to seek judicial review. According to the Act, a party has exhausted his administrative remedies only if he has filed a motion for rehearing which was denied by the ICC or by operation of law. The *Brandt Truck Line* court reasoned, therefore, that, if a rehearing motion did not stay the time within which to seek judicial review, a party would be denied his right to appeal the agency decision because he would not have been able to exhaust his administrative remedies before the time to appeal expired. The court noted that, since the ICC can refrain from acting on the motion for rehearing for 45 days (or 90 days if the period is extended), the effect would be to "deny a party's right to seek timely judicial review." (173 Ill. App. 3d at 217.) The *Brandt Truck Line* court held, therefore, that ICC decisions are automatically stayed prior to the filing of a motion for rehearing or else a party would be denied due process.

■ In this case, our interpretation of section 18c—2110(f) does not create a conflict in the statute which works to deprive IDOT of its right to seek judicial review. Additionally, it does not create confusion as to when the time for filing a motion for rehearing begins to run. The ICC failed to act within 45 days. It did not extend that period in writing. IDOT's motion, therefore, was denied by operation of law on August 1, 1991, and the ICC clearly was without the statutory authority to issue its August 12 order. (See *Liberty Trucking*, 81 Ill. App. 3d at 470, 401 N.E.2d at 584 (the ICC is without authority to enter an order on rehearing after the petition is considered denied by operation of law).) Consequently, our interpretation of the statute does not serve to permit the ICC to issue orders and then repudiate them in order to avoid judicial review. Where the ICC issues an order outside of its statutory authority, there is no order for the ICC to repudiate because the order is void. The time for filing IDOT's complaint for administrative review in the circuit court, therefore, began to run on August 1, 1991. Since IDOT did not file for review within 35 days after its motion had been denied by operation of law and had become final, the complaint was untimely and properly dismissed by the trial court.

Accordingly, for the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

CAMPBELL, P.J., and MANNING, J., concur.