2020 IL App (1st) 200022-U

FIFTH DIVISION
SEPTEMBER 11, 2020

No. 1-20-0022

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| BRENDA HORTON, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County, |
| | ) | |
| v. | ) | |
| | ) | No. 18 CH 10774 |
| ILLINOIS MUNICIPAL RETIREMENT FUND, and | ) | |
| ILLINOIS MUNICIPAL RETIREMENT FUND, BOARD | ) | |
| OF TRUSTEES, | ) | Honorable |
| | ) | Anna M. Loftus, |
| Defendants-Appellants. | ) | Judge Presiding. |

JUSTICE CUNNINGHAM delivered the judgment of the court.
Presiding Justice Delort and Justice Hoffman concurred in the judgment.

**ORDER**

¶ 1    *Held*: Trial court's order dismissing plaintiff's complaint affirmed where trial court lacked subject matter jurisdiction and plaintiff failed to state a claim for *mandamus* relief.

¶ 2    Plaintiff-appellant Brenda Horton appeals the dismissal of her complaint for administrative review of defendants-appellants Illinois Municipal Retirement Fund's and IMRF Board of Trustees' (IMRF & IMRF Board) denial of her claim for disability benefits. On appeal, Ms. Horton argues that the circuit court of Cook County erred in dismissing her complaint where

(1) the IMRF's decision violated the Open Meetings Act (5 ILCS 120/1 *et seq.*) (West 2016); (2) the benefits department of the IMRF, which sent her a letter denying her disability claim, is not an "administrative agency" within the meaning of the Administrative Review Law (735 ILCS 5/3-101 *et seq.*) (West 2016) (ARL); and (3) she timely filed her request for a hearing before the IMRF Board.

¶ 3    For the following reasons, we affirm the judgment of the circuit court of Cook County.

¶ 4                                    BACKGROUND

¶ 5    Ms. Horton was an employee of the Oak Park River Forest High School District 200 (the District) beginning in July 2016.  As an employee of the District, she was required to pay into the IMRF, which is a public pension fund governed by an eight-member Board of Trustees.  In February 2018, she applied for temporary disability benefits because she was suffering from anxiety and depression.

¶ 6    On May 22, 2018, a letter was sent to Ms. Horton denying her temporary disability benefits on the basis that she was "not considered unable to perform the duties of any position which might reasonably be assigned" to her by the District. That letter, which was on the IMRF letterhead and signed by the "Benefits Manager," further informed Ms. Horton that if she believed this denial was incorrect, she could request a hearing before the Board of Trustee's Benefit Review Committee within 63 days of the date of the letter.  The letter instructed Ms. Horton to complete an enclosed Form 5.70, "Request for a Hearing to Appeal Denial/Termination of IMRF Benefits."  The letter also warned Ms. Horton that if the benefits department did not *receive* Form 5.70 within 63 days, she would give up her right to a hearing and the IMRF Board would not take any further action on her request for disability benefits.

¶ 7    On July 25, 2018, the IMRF Benefits Department sent a letter to Ms. Horton closing her claim because it did not receive Form 5.70. That letter stated that Ms. Horton's disability claim "has been permanently terminated/denied," and further stated that this was the IMRF's "final administrative decision." The letter informed Ms. Horton that she could file a complaint in circuit court within 35 days if she wished to contest the decision.

¶ 8    Ms. Horton filed a timely *pro se* complaint on August 24, 2018. The court allowed Ms. Horton, through counsel, to file an amended complaint on May 7, 2019, which is the operative pleading in this case. The amended complaint contained one count for administrative review and one count seeking a writ of *mandamus* compelling the IMRF to grant Ms. Horton a hearing on the merits of her claim for temporary disability benefits. The complaint alleged, *inter alia*, that Ms. Horton had mailed Form 5.70 to the IMRF on June 1, 2018, within the 63-day deadline.

¶ 9    The IMRF moved to dismiss Ms. Horton's complaint pursuant to 735 ILCS 5/2-619.1 (West 2016), arguing that the court lacked subject matter jurisdiction over the count for administrative review given Ms. Horton's failure to exhaust administrative remedies, and that Ms. Horton failed to state a claim for *mandamus*. Following briefing, the circuit court granted the IMRF's motion to dismiss on December 6, 2019. Ms. Horton timely appealed.

¶ 10                           ANALYSIS

¶ 11    We note that we have jurisdiction to review this matter, as Ms. Horton filed a timely notice of appeal following the order dismissing her complaint. Ill. S. Ct. R. 301 (eff. Feb. 1, 1994); R. 303 (eff. July 1, 2017).

¶ 12    The IMRF moved to dismiss Ms. Horton's counterclaims under section 2-619.1 of the Code of Civil Procedure, which permits section 2-615 and section 2-619 motions for dismissal to be

filed together. 735 ILCS 5/2-619.1. Our review of a dismissal under either section 2-615 or 2-619 is *de novo*. *Mauvais-Jarvis v. Wong*, 2013 IL App (1st) 120070, ¶ 63.

¶ 13    Turning first to Count I of Ms. Horton's complaint seeking administrative review of the IMRF's decision, the IMRF moved to dismiss this count pursuant to section 2-619(a)(1), arguing that the trial court lacked subject matter jurisdiction due to Ms. Horton's failure to exhaust her administrative remedies. Ms. Horton agrees that the court lacked subject matter jurisdiction,[1] but argues that this matter should be remanded to the IMRF Board to issue a final administrative decision.

¶ 14    In cases involving review of an administrative decision, the trial court exercises "special statutory jurisdiction." *Amren Transmission Co. of Illinois v. Hutchings*, 2018 IL 122973, ¶ 13. Thus, a party seeking administrative review must strictly comply with the procedures set forth in the ARL. *Slepicka v. Illinois Department of Public Health*, 2014 IL 116927, ¶ 34. If those procedures are not followed, the circuit court lacks jurisdiction. *Id.* (quoting *Rodriguez v. Sheriff's Merit Commission*, 218 Ill. 2d 342, 350 (2006)). Here, the IMRF argues that Ms. Horton failed to exhaust her administrative remedies pursuant to section 3-102 of the ARL, which provides, in relevant part:

"If under the terms of the Act governing the procedure before an administrative agency an administrative decision has become final because of the failure to file any document in the nature of objections, protests, petition for hearing or application for administrative review within the time allowed by such Act, such

---

[1] Confusingly, Ms. Horton nevertheless seeks reversal of the circuit court's order dismissing her complaint.

decision shall not be subject to judicial review hereunder excepting only for the purpose of questioning the jurisdiction of the administrative agency over the person or subject matter." 735 ILCS 5/3-102 (West 2016).

IMRF Board Resolution 2015-035-01(b) explicitly states "Failure to timely file a 5.70 form shall result in the staff disposition becoming a final administrative decision, for purposes of the Administrative Review Law, on the sixty-fourth (64th) day after the date of the staff disposition letter." Therefore, the IMRF maintains that Ms. Horton's failure to file Form 5.70 seeking review before the IMRF Board's Benefit Review Committee of the staff determination denying her temporary disability benefits amounts to a failure to exhaust her administrative remedies and precludes judicial review. See *Castaneda v. Illinois Human Rights Commission*, 132 Ill. 2d 304, 320-21 (1989) (requiring party to exhaust administrative remedies before seeking judicial review).

¶ 15    But Ms. Horton maintains that section 3-102 of the ARL is inapplicable because the staff determination that became final under the IMRF Board Resolution is not an "administrative decision" for purposes of the ARL.  An administrative decision is a decision of "any *administrative agency* *** which affects the legal rights, duties or privileges of parties and which terminates the proceedings before the administrative agency."   735 ILCS 5/3-101 (West 2016) (Emphasis added.).  According to Ms. Horton, the "IMRF Benefits Department"—from which she received the July 25, 2018 letter informing her of the purportedly final administrative decision—is not an *administrative agency* within the meaning of the statute.  In her view, only the *Board of Trustees* of the IMRF is an administrative agency.  We agree.

¶ 16    Our supreme court in *Ultsch v. Illinois Municipal Retirement Fund*, 226 Ill. 2d 166, 189 (2007), rejected the plaintiff's contention that the IMRF itself was an administrative agency.  The

court cited section 3-101 of the ARL, which defines "administrative agency" as "a person or group having the power to make administrative decisions." *Id.* (citing 735 ILCS 5/3-101 (West 2004)). The court went on to note that "[s]everal sections of IMRF's enabling legislation, codified in article VII of the Pension Code, clearly define the Board of Trustees as the 'administrative agency.'" *Id.* (citing 40 ILCS 5/7-178, 7-20, 7-220 (West 2004)); see also *Stevens v. Village of Oak Brook*, 2013 IL App (2d) 120456, ¶ 17 (noting that the IMRF is not an administrative agency, but its Board of Trustees has the authority to make administrative decisions).

¶ 17    Because the IMRF Board took no action with regard to Ms. Horton's application for temporary disability benefits, we agree with Ms. Horton that there was no final administrative decision for the circuit court to review.  To the extent the IMRF Board Resolution seeks to characterize the staff disposition as a final administrative decision by default, this runs afoul of the IMRF's enabling legislation. Specifically, section 7-200 of the Illinois Pension Code (Code) gives the *IMRF Board* the power to "carry on generally any *** reasonable activities, including, without limitation, the making of administrative decisions on participation and coverage."  40 ILCS 5/7-200 (West 2016).  Indeed, section 7-220 of the Code provides the ARL only applies to "final administrative decisions of the *retirement board*." 40 ILCS 5/7-220 (West 2016) (Emphasis added.).  The Code does not invest any other arm of the IMRF—such as the Benefits Department— with any powers.  And while the Code allows the IMRF Board to establish rules to efficiently administer the fund, those rules may not be inconsistent with the other provisions of article VII of the Code.  40 ILCS 5/7-198 (West 2016)); see also *Brandt Truck Line, Inc. v. Illinois Commerce Commission*, 173 Ill. App. 3d 209, 216 (1988) (where statute and agency rule conflict, statute governs).

¶ 18    Accordingly, we conclude that because there was no final administrative decision for the circuit court to review, the court properly dismissed count I of Ms. Horton's complaint for lack of jurisdiction.[2] **Further, we decline Ms. Horton's invitation to remand this matter to the IMRF Board. A remand would serve no purpose, as the time limit for seeking a hearing has long expired.  Ms. Horton's claim has essentially died on the vine.**

¶ 19    Turning next to Count II, seeking a writ of *mandamus* compelling the IMRF to hold a hearing on its denial of Ms. Horton's temporary disability benefits, the IMRF moved to dismiss this count pursuant to section 2-615 of the Code, arguing that Ms. Horton failed to state a claim on which relief could be granted. Our supreme court has described *mandamus* as an "extraordinary remedy" used to enforce "'the performance of official duties by a public officer where no exercise of discretion on his part is involved.'" *Noyola v. Board of Education of the City of Chicago*, 179 Ill. 2d 121, 133 (1997) (quoting *Madden v. Cronson*, 114 Ill. 2d 504, 514 (1986)).  In order to obtain *mandamus* relief, the plaintiff must plead that (1) she has a clear right to the relief she requests; (2) the public officer has a clear duty to act; and (3) the public officer has clear authority to comply with an order granting *mandamus* relief. *McFatridge v. Madigan*, 2013 IL 113676, ¶ 17.

¶ 20    Here, Ms. Horton argues that she properly pled all three elements to state a claim for *mandamus* where she mailed her request for a hearing on June 1, 2018, within the 63-day time period prescribed by the May 25 letter.  Specifically, Ms. Horton invokes the "mailbox rule" to prove that she timely submitted the request.  Generally, the mailbox rule provides that a document

---

[2] Having affirmed the circuit court's decision as to count I on this basis, we need not determine if the IMRF's decision also violated the Open Meetings Act, as Ms. Horton contends.

is deemed "filed" on the date it is placed in the mail, not the date it is received. See *Knapp v. Bulun*, 392 Ill. App. 3d 1018, 1025-26 (2009) (collecting cases where mailbox rule is applicable). But Ms. Horton has failed to provide any authority for applying the mailbox rule to determine the timeliness of requests for hearing presented to the IMRF. On the contrary, as the IMRF points out, all references to the submission of documents in its enabling statute refer to *receipt* of the documents by the IMRF. See, *e.g.,* 40 ILCS 5/7-141 (West 2016) (retirement annuity effective "upon receipt by the fund of a written application); 7-147 (temporary disability benefits processed "[u]pon receipt by the fund of a written application"); 7-163 (death benefit payable "after receipt by the board"). More significantly, the IMRF's Board Resolution governing disability appeal procedures explicitly provides that Form 5.70 "must be *received* by IMRF no later than sixty-three (63) days after the date of the staff disposition letter." An agency is allowed to set its own procedures. See, *e.g.*, *BLTREJV3 Chicago, LLC v. Kane County Board of Review*, 2014 IL App (2d) 140164, ¶ 19 (finding that defendant agency had authority to establish rules limiting application of mailbox rule and defining what constituted timely submission of appeal documents).

¶ 21 Because we find that the mailbox rule did not operate to render Ms. Horton's alleged June 1 mailing of Form 5.70 timely, we conclude that the circuit court did not err in holding that Ms. Horton failed to state a claim for *mandamus* relief.

¶ 22 Finally, we address the IMRF's motion to strike portions of Ms. Horton's reply brief, which we took for resolution in the course of deciding this case. In her reply, Ms. Horton argued for the first time on appeal that the IMRF should be estopped from arguing that she could not bring a claim for administrative review where its July 25 letter informing her of the final administrative decision stated that if she wished to contest the decision, she was required to file a complaint in

circuit court within 35 days. It is well-settled that a claim raised for the first time in a reply brief is forfeited. *People v. Taylor*, 2019 IL App (1st) 160173, ¶ 41. Accordingly, we grant the IMRF's motion to strike this argument from Ms. Horton's reply brief.

¶ 23                                    CONCLUSION

¶ 24    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 25    Affirmed.